PIERRE A. MENARD ET AL. v. MARY E. McDONALD ET AL.

Decided December 15, 1908.

**1.—Partition—Sale of Land—County of Sale—Judgment—Collateral Attack.**

Even if it be true that under the provisions of articles 2360 and 3621, Rev. Stats., a sale of land for the purpose of partition should be made in the county in which the land is situated, still an order of a court having jurisdiction of the parties and the subject matter, directing that the sale be made in a different county and a sale in pursuance of such order, are not void in the sense that they are subject to a collateral attack.

**2.—Jurisdiction—Definition.**

Jurisdiction means the lawful power to hear and determine the matter in controversy. The validity of a judgment does not depend upon its correctness.

**3.—Partition—Citation by Publication—Adjudication of Costs.**

Because a decree of partition incidentally adjudges the costs of the proceeding against the several parties to the suit, it does not follow that the judgment is such a personal judgment as cannot be rendered against nonresidents who are cited by publication and who appear only by an attorney appointed by the court.

**4.—Partition—Citation by Publication—Sufficiency.**

A petition in a suit for partition contained a prayer for partition and, in case the land was incapable of division, for a sale for that purpose; it also contained a prayer for general relief; the defendants were nonresidents; the citation by publication was regular in all respects but omitted the specific prayer for a sale of the land if found to be incapable of partition. Held, that such specific prayer was not essential; a sale would have been authorized by the prayer for general relief. The omission did not affect the jurisdiction of the court to order a sale of the land.

**5.—Citation—Recital in Judgment.**

A recital in an order appointing a guardian ad litem in a suit for partition, that the defendants "had been duly cited by publication" will support the jurisdiction of the court as against a collateral attack on the ground that the citation was defective.

Appeal from the District Court of Polk County. Tried below before Hon. L. B. Hightower.

*Stevens & Pickett,* for appellants.—A sale under execution is void if the land is located in a county different from that in which the sheriff makes the sale; and also a sale to effect a partition of land (where the commissioners have reported the same impracticable of partition) is void if made by the sheriff of one county, and the land so sold by him is located in another. Alred v. Montague, 26 Texas, 733; Casseday v. Norris, 49 Texas, 613; Sinclair v. Stanley, 64 Texas, 72; Moody v. Moller, 72 Texas, 635; art. 3621, Rev. Stats. 1895.

Where land is sold to satisfy a judgment for costs against non-residents of Texas rendered against them in a cause where they were cited only by publication, and of which they had no notice, and in which they made no appearance except by the attorney appointed by the court to answer for them, the deed of the sheriff making such sale is wholly inoperative and void. Taliaferro v. Butler, 77 Texas, 580; Foote v. Sewall, 81 Texas, 659; Hardy v. Beaty, 84 Texas, 562; Pool v. Lamon, 28 S. W., 363; Gillon v. Wear, 28 S. W., 1015.

Where nonresidents are cited by publication, the statute providing for such service by publication must be strictly complied with in order to give the court jurisdiction over the property of the nonresident defendants so cited; and if the citation published insufficiently describes the cause of action, no jurisdiction is acquired thereby. Netzorg v. Green, 26 Texas Civ. App., 119; Byrnes v. Sampson, 74 Texas, 79.

The return of a sheriff is not sufficient to show what distribution he has made of the money bid at the execution sale; and furthermore, receipts filed by the sheriff, with his return, are not evidence of payment to the parties purporting to sign them, unless the execution thereof is proven, where such receipts can not come under the designation of ancient instruments. Brown v. Lane, 19 Texas, 208; Fisk v. Miller, 13 Texas, 225; May v. Pollard, 28 Texas, 678; Drew v. Harrison, 12 Texas, 281.

*Thos. B. Greenwood, F. Campbell, T. F. Meece, J. Holshousen* and *Jas. C. Feagin,* for appellees.

REESE, Associate Justice.—Pierre A. Menard et al. sued Mary E. MacDonald et al. in trespass to try title to recover the Peter J. Menard league of land lying in Polk County. The case was tried without a jury and judgment rendered for defendants, from which plaintiffs appeal.

The material facts are as follows: All parties claim title under Pierre Menard, ancestor of appellants; appellants by inheritance from said Pierre, and appellees under a sale and sheriff's deed under a decree of the District Court of San Jacinto County in a partition proceeding. The questions presented by this appeal involve the validity of the sale under the decree aforesaid, the facts with regard to which are as follows:

On August 29, 1878, Edmund Menard and Estelle B. Franklin instituted in the District Court of San Jacinto County, Texas, an action for the partition among plaintiffs and defendants of two tracts of land, one tract being in San Jacinto County, and the other being the league in controversy, being in Polk County. The defendants, of whom there

were many, were heirs of Pierre Menard and with plaintiffs constituted all of his heirs. The present plaintiffs, appellants here, are the heirs of the defendants in the partition suit. In the petition the respective places of residence of the defendants were set out showing that they were all nonresidents of the State of Texas. Upon proper affidavit made, defendants were cited by publication. The return of the sheriff on the citation shows that the citation came to hand on the —— day of September, 1878, and was executed by causing publication to be made for four successive weeks previous to and up to the fourth Monday in September, 1878. The affidavit of the publisher shows publication accordingly complete prior to the fourth Monday in September, 1878. On April 7, 1879, the court made an order appointing G. I. Turnley attorney to represent the adult defendants, and guardian *ad litem* to represent the minors, reciting in the order that "citation by publication had been duly made." Turnley answered for all the defendants as attorney and guardian *ad litem*. On April 8, 1879, a decree was entered establishing the respective interests of the parties, plaintiffs and defendants, in the two tracts of land, describing the same, and appointing commissioners to make partition. Writ of partition was issued to the commissioners June 2, 1879. The commissioners reported under oath that partition of the land was impracticable, that it would greatly lessen the value of the property, and be attended with great expense, and that a sale was necessary to effect a partition. The value of the land, 7638 acres, is stated to be $3819. The report was sworn to —— day of November, 1879. It is stated in appellants' brief that this report was made the same day that the commission issued, but we think they are misled by the endorsement, evidently upon the back of the commission, "Filed June 2/79." It is not material, but we find that this report was made some time in November, 1879. Upon the filing of this report a decree was made and entered by the court, on November 21, 1879, reciting the appointment and report of the commissioners, describing the land and ordering that the land (both tracts) "be sold by the sheriff of San Jacinto County as under execution, in front of the courthouse door of San Jacinto County, in the town of Cold Springs, the first Tuesday in January, 1880, after giving twenty days notice thereof by posting at three public places in San Jacinto County, one of which shall be at the courthouse door of said county, said sale to be to the highest bidder for cash, and the proceeds to be paid to the plaintiffs and defendants herein in the following proportion, to wit: (setting out the shares of the respective parties) and take their receipts for the same which we will file with the papers of the case." The fees of the commissioners and of the attorney and guardian *ad litem* were fixed and ordered paid and that the sheriff deduct the same from the shares of the defendants in the proceeds of the sale. It was further adjudged "that the costs in this case, including the fees of the commissioners, shall be taxed against the shares of each plaintiff and defendant respectively according to the amount received by him."

Upon this decree an order of sale was, on December 30, 1879, issued to the sheriff of San Jacinto County embodying the terms of the decree, under which the sheriff of San Jacinto County sold both tracts of land for a lump sum of $4782 to Edmund Menard, one of the plain-

tiffs.    The sale was made before the courthouse door of San Jacinto County on the first Tuesday in February, 1880, and return made April 20, 1880.    The return states that the sheriff had paid over to the commissioners and attorney the amounts ordered, and also to the defendants the respective amounts so ordered to be paid them, naming the parties and the amount paid to each, and that he had taken the receipts of the defendants respectively (numbered from 1 to 11) and filed the same with the clerk in accordance with the order.    Among the papers of the case were found nine of the receipts, which were introduced in evidence as part of the sheriff's return.    The receipts are of different dates from March 29, 1880, to April 12, 1880, and each states that the party had "received of Edmund Menard" the amount named in the receipt.

The sheriff executed to Edmund Menard a deed for the land sold, on the day of the sale, reciting the payment of the purchase money, which deed was filed for record the same day.    The appellees all claim title under this deed, and it is not disputed that they have valid title unless the said sale and conveyance to Edmund Menard is void as to the land in Polk County, in controversy.

By their first assignment of error and propositions thereunder the contention of appellants is presented that the sale, and conveyance thereunder, of the land in controversy are void for the following reasons:

First.    Because the land was sold by the sheriff of San Jacinto County at the courthouse door of said county, the land lying in Polk County.

Second.    The land was sold to satisfy a personal judgment for costs, defendants being nonresidents cited only by publication and making no appearance except by attorney appointed by the court.

Third.    Because the citation was not sufficient to give the court jurisdiction.

These objections will be disposed of in the order named.

In support of their first proposition appellants cite Alred v. Montague (26 Texas, 733), and other cases, in each of which the question arose upon a sale of property "taken by virtue of an execution" as prescribed by art. 2360, Rev. Stats.    The doctrine announced in that case has been frequently followed and may be considered settled.    (Cassedey v. Norris, 49 Texas, 613; Sinclair v. Stanley, 64 Texas, 72; Moody v. Moeller, 72 Texas, 635.)

By the force of the provision in art. 3621, Rev. Stats., that sales of land for partition "shall be made as under execution," appellant seeks to bring the sale now in question, under the provision of art. 2360. Granting that it was intended by art. 3621 to prescribe that sales for partition should be made in the county where the land is situated, we can not agree with appellants' conclusion that the sale of the league of land in controversy was void, and so subject to collateral attack. The decision of this question is not affected by the fact that the defendants in the partition suit were cited by publication, nor by the fact that they had no actual knowledge of the proceeding, which was a proceeding *in rem* in the larger sense in which that term is used.    (Arndt v. Griggs, 134 U. S., 316; Pennoyer v. Neff, 95 U. S., 714; Meyer v. Kuhn, 65 Fed., 712.)    It is not disputed here that it was a proceeding

which could be prosecuted upon service by publication against nonresidents. If there was proper service by publication, the defendants were bound by the judgment and sale to the same extent as though they had been served with process within the State. Whether, if they had had actual knowledge of the sale and acquiesced therein and received the purchase money, they would have been estopped to deny its validity, is another question. The validity of the sale is not affected by the character of service by which the court acquired jurisdiction, if in fact it did acquire jurisdiction.

The contention of appellants disregards what we consider the controlling fact, that the court having jurisdiction of the subject matter and the parties, did, in fact, order the sale of the land in Polk County to be made by the sheriff of San Jacinto County just as it was made. To declare the sale void, we must declare the order requiring the sale to be made, void, so far as it affected the sale of the Polk County land. The court had jurisdiction of the subject matter. We are assuming that it likewise had jurisdiction of the parties. Nothing was lacking to give it full power to act. In Freeman on Void Judicial Sales it is said: "When a court grants an order of sale, and in pursuance of such order the property thereby authorized to be sold is sold, the purchaser, to maintain his title, is not required to reestablish the facts which the court must have found to be true before it entered such order, nor yet to defend the legal conclusions which the court drew from such facts. If any errors were committed, as in the admission or rejection of evidence, or in making findings of fact, express or implied, not sustained by the evidence, or in reaching conclusions not warranted by the facts found, the remedy of any party prejudiced thereby is by motion for new trial, or by some other revisory or appellate proceeding. Failing to resort to this remedy, the order of sale must be respected, and can not be destroyed by any collateral assault." (Freeman, Void Judicial Sales, sec. 20, page 80.)

The case is analogous to the case of Nelson v. Bridge (98 Texas, 523). The statute here invoked is no more mandatory than the one under consideration in that case, which prohibited the appointment of administrators after the lapse of four years from the death of the decedent. The Supreme Court, in discussing the question of the validity of an order appointing an administrator after the lapse of four years, says: "All that the theory of nullity rested upon is the positive and mandatory language of the statute, and this, in our opinion, is addressed to the Probate Court to control its action in the exercise of its jurisdiction and is not a denial of the jurisdiction." Jurisdiction means lawful power to hear and determine the matter in controversy (Withers v. Patterson, 27 Texas, 497), and this includes the power to determine the legal results to follow from the facts pleaded and proven. The validity of the judgment does not at all depend upon its correctness. The principle decided in Brown v. Christie (27 Texas, 77) and approved in other cases, seems to us to be applicable to this case so far as concerns the point now under discussion. The question in that case was the validity of a sale of real estate made by a guardian on the 25th day of the month, the statutes (Hartley's Digest, arts. 1557-1174) requiring such sales to be made on the first Tuesday in the month. The

sale had been regularly confirmed. The court says: "The sale, if not made at the time required by law, was illegal and should have been set aside by the probate court; and, if it improperly confirmed it, its judgment might have been corrected by a direct proceeding for that purpose by any one having an interest in the matter. But it was not open to the collateral inquiry to which it was subjected in this case by the instruction, and such, we believe, has been the general current of the decisions of this court." This effect was given to the judgment of confirmation. Certainly no less force could logically have been given to a judgment of the court ordering the sale to be made at a different term from that expressly prescribed by the statute. It is, after all, the judgment; that judicial determination, by a court having jurisdiction, that protected the sale from collateral attack.

If the law, in the present case, had provided for a confirmation of the sale by the District Court, and the sale as made had been so confirmed, under the authority of the case referred to, and many others to the same effect, there can be no question that the sale would not be subject to the collateral attack here made upon it. It would seem absurd to declare that the judgment of the court ordering the sale to be made in San Jacinto County, so far as its validity on this account is affected, should have any less force or validity than a second judgment confirming the act previously ordered to be done in all respects as it was done.

We are, therefore, of the opinion that, even if appellants' contention be true that the statutes in question required the sale to be made in Polk County, the judgment of the court ordering the land to be sold in San Jacinto County, and the sale made in accordance therewith, can not be attacked on this ground in this collateral proceeding.

It is, however, not clear that the court could not properly have ordered the sale to be made in San Jacinto County, in which county one of the tracts ordered to be sold lay. Article 2336, Rev. Stats., is as follows: "Where the execution or any writ in the nature thereof requires the sale or delivery of specific, real, or personal property, it may be issued to the county where the property or some part thereof is situated." It might, with good reason, be held that this article of the statute, instead of article 2360, applied to this writ "the nature of a writ of execution for the sale of specific property," and that under it the court acted properly, if in its judgment the circumstances warranted such action, in ordering both tracts sold in San Jacinto County. (Miller v. Edinburg L. M. Co., 14 Texas Civ. App., 309; Buse v. Bartlett, 1 Texas Civ. App., 335.) At least it must be said that if the District Court so construed the statute its judgment would not be void. It would bring the case clearly within the principle of law heretofore quoted from Freeman on Void Judicial Sales.

It is also a fairly reasonable conclusion that by virtue of its general powers as a court of equity, the District Court had the power, independently of any statute, to order the sale to be made as it was made. (Grassmeyer v. Beesen, 18 Texas, 754; Moore v. Blagge, 91 Texas, 162, 163; Sessions v. Peay, 23 Ark., 39.)

We prefer to rest our conclusion upon the ground that the judgment

of the court and the sale made in accordance therewith can not be attacked collaterally even though erroneous.

As to appellants' second objection. The sale was in no sense a sale under execution to satisfy a judgment for costs. The character of the judgment has been fully set out. As a matter entirely incidental to the sale for partition the sheriff was ordered to pay the costs out of the proceeds, charging the parties with their proportionate shares. The difference between such a proceeding and a sale under execution upon a personal judgment against defendants cited by publication, as in cases cited by appellants, is too clear to require discussion. (Taliaferro v. Butler, 77 Texas, 580; Freeman v. Alderson, 119 U. S., 185; Townes Texas Pl., 47.)

Appellants' third objection to the validity of the judgment is based on the alleged insufficiency of the citation to give the court jurisdiction. This objection was not presented in the trial court and we do not think it can be presented, for the first time, in this court, and for that reason should not be considered. If, however, the objection had been seasonably presented, it is not tenable. The prayer of the petition was for partition and, in case the land was incapable of division, for a sale for that purpose. There was also a prayer for general relief. The citation, in "the brief statement of the cause of action" required by article 1235, Rev. Stats., contains a full statement of the cause of action, the prayer for partition, for appointment of commissioners, and for general relief, but omits the specific prayer for a sale of the land if found to be incapable of partition. This was not essential. The prayer for such relief was not necessary to authorize the court to order a sale. (Rev. Stats., art. 3621; Trammell v. Watson, 25 Texas Sup. 216.) This was fully authorized by the prayer for general relief. However, even if this citation be insufficient, the judgment of the court made in April, 1880, appointing the guardian *ad litem* expressly recites generally that the defendants "had been duly cited by publication." (Treadway v. Eastburn, 57 Texas, 209; Fowler v. Simpson, 79 Texas, 611.)

We conclude that none of the objections urged by appellants to the validity of the sale are sufficient to have authorized the trial court to declare it void, and that, as against this collateral attack, it was sufficient to pass the title of the land in controversy to the purchaser at the sale.

This disposes of the first, third and fourth assignments of error, which are overruled.

The second assignment complains of the action of the court in admitting in evidence the sheriff's return and receipts to show the payment of the purchase price of the lands sold to the parties at interest. If there was any error in this ruling, which we do not decide, it was harmless. The evidence was introduced, we suppose, to show estoppel in case the court concluded the sale to be void. As the sale was not void this became immaterial.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error refused.