STEPHENSON et al. v. WIESS.

(Court of Civil Appeals of Texas. Galveston. Feb. 12, 1912. On Motion for Additional Findings of Fact, March 14, 1912.)

1. APPEAL AND ERROR (§ 742*)—ASSIGNMENTS OF ERROR—STATEMENT.

An assignment of error, complaining of the admission of evidence, but not supported by a statement enabling the court to understand its pertinency, need not be considered on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

2. JUDGMENT (§ 686*)—SALES BY PROBATE COURT—VALIDITY—ESTOPPEL.

Where the heirs of a decedent applied for an order for the sale of the real estate for partition, and receipted for their respective shares of the price, persons suing as heirs of such heirs to set aside the sale after a lapse of more than 50 years were estopped from asserting that no title passed by the sale, on the ground that the property was community estate.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1209; Dec. Dig. § 686.*]

3. EXECUTORS AND ADMINISTRATORS (§ 29*)—SALE FOR PARTITION—COLLATERAL ATTACK.

Where the administration of the estate of a decedent was opened in Jasper county, and Newton county was subsequently created, and the records of the administration were required by statute to be transferred to Newton county, it will be presumed, as against a collateral attack, that the administration was open when an administrator de bonis non was appointed by the probate court of Newton county, and when such probate court, on the petition of the administrator de bonis non and heirs, ordered a sale of the real estate of the decedent.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 177–182, 1411; Dec. Dig. § 29.*]

4. JUDGMENT (§ 475*)—SALE FOR PARTITION—COLLATERAL ATTACK.

A judgment of the probate court having authority, under the statute, to make partition, which orders a sale of land for partition, without the appointment of commissioners to first ascertain the fact that the land is incapable of division in kind, is not void and open to collateral attack, though probably erroneous; the court being one of general jurisdiction in all matters pertaining to the administration of estates.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 910; Dec. Dig. § 475.*]

Error to District court, Hardin County; L. B. Hightower, Judge.

Action by Ira Stephenson and others against William Wiess. There was a judgment for defendant, and plaintiffs bring error. Affirmed.

B. L. Aycock, for plaintiffs in error. Carlton, Townes & Townes, for defendant in error.

REESE, J. This is an action in trespass to try title by Ira Stephenson and others, who are some of the heirs at law of Henry Stephenson and Ruth, his wife, against William Wiess to recover an undivided one-half interest in a tract of 1,000 acres of land, part of the Henry Stephenson league.

Defendants answered by general demurrer and general denial and plea of not guilty. Trial, without a jury, resulted in a judgment for defendant, from which plaintiffs appeal by writ of error. No conclusions of the trial court are in the record.

The material facts, so far as we can gather them, are as follows:

The 1,000 acres referred to is part of a league of land granted to Henry Stephenson in 1835. Henry Stephenson died about 1841; his wife Ruth some years later. At the

time of his death, he lived in what was then Jasper county; but such territory became a part of Newton county upon the creation of that county in 1846. Evidence in the record leads to the inference that administration was opened upon his estate in Jasper county; but the records of that county were destroyed by fire in 1849, and there is nothing to show what was done with such administration. The evidence of the family history of said Henry and Ruth is also very meager, and is presented in such a confusing way by the record, and not at all in brief of plaintiffs in error, that it is difficult to find what the facts are with respect to this. However, enough is shown to enable us to find that they left 10 children, to wit: Margaret, who married ———— Janes; Nancy, who married ———— Janes; Mary who married Wm. McMahan; Elizabeth, who married A. F. Allbright; Edith, who married Wm. Byerly; and the following sons, William, John, Felix, Ira, and Jared.

In 1856, Wm. McMahan, who had married one of the daughters, upon his own application, was appointed administrator de bonis non of the estate of Henry Stephenson by the probate court of Newton county. The record does not show the existence of any debts against the estate, but shows that a sale had been made by the former administrator of a tract of land belonging to the estate, to which conveyance had never been made nor the purchase money paid; and one of the orders made in the course of the administration was that McMahan, administrator de bonis non, make title to this land. It was also shown by the inventory that this league of land had been sold for taxes and had to be redeemed. There were some debts due the estate, and the estate owned the league of land aforesaid. McMahan qualified by giving bond and taking oath, and in 1857 returned an inventory and appraisement. In 1857 McMahan filed his petition, praying for an order to sell this league of land for partition; the petition alleging that it could not be divided. This petition is also signed by Jared Stephenson, Ira Stephenson, Felix Stephenson, John Stephenson, and A. F. Allbright, who represent that they are part of the heirs of Henry Stephenson. Certain grandchildren of Henry Stephenson, to wit, the children of Margaret and Nancy, in a separate application, also prayed that the administrator be ordered to sell this league of land, for the purpose of distribution. In separate petitions, the children of another son, and Edith Byerly, a daughter, joined by her husband, Wm. Byerly, also petition the court for an order to the administrator to sell. The court granted the applications and ordered the administrator to sell, which was done at public outcry, on a credit of 12 months, to S. B. Stephenson. The sale was regularly reported to and confirmed by the court and the administrator ordered to make title, which was done. Aft-

erwards the administrator applied for an order of distribution of cash on hand, reporting $1,398.73, which included the purchase money of this land. Order was made that the administrator pay to each of the 10 children, or the representatives of such, one-tenth of this amount and file their receipts therefor, and that when this was done he should be discharged. The administrator filed his final exhibit, showing that he had paid out and distributed the money as ordered, except the amount coming to three of them, which was paid into the state treasury for their benefit, as shown by the Treasurer's receipt. Receipts were filed, showing payment as ordered, and by order of the court the administrator was finally discharged. The title conveyed to Simon B. Stephenson by the administrator's deed passed by several mesne conveyances to appellee, Wiess, and is now vested in him, as to the 1,000 acres now in controversy.

It was further shown that George Lock, through whom the title passed to appellee, while he owned the land, instituted suit against some of the present plaintiffs to remove cloud from his title to this land, and that he recovered judgment, as prayed for, against all of the defendants in that suit. Appellee paid value for the land and without any notice of any defect in his title, except such constructive notice as was given him by the records, above referred to.

[1, 2] Appellants complain by several assignments of error of the admission in evidence of the record of the proceedings in the administration of the estate of Henry Stephenson. None of these assignments is supported by such a statement from the record as to enable us to understand their pertinency to any of the issues involved, and for that reason we cannot be required to consider them. From a reading of the entire brief, however, we are able to gather that it is appellants' contention that the entire proceedings under this administration were void, and that the sale of the land made thereunder was void. If this contention was sound, the evidence was admissible as supporting the sale and title thereunder by estoppel against all of the heirs of Henry and Ruth Stephenson arising out of their joining in the application for the sale and the receipt by them of their respective shares of the purchase money. As appears from the record, five of the children of Henry and Ruth Stephenson, the husbands of two of the daughters, and the children of the remaining three joined in petitioning the probate court to order the administrator, McMahan, to sell this land, and all of them received and receipted for their respective shares of the purchase money, or their husbands or fathers did for some of them, with the exception of a small interest coming to three of the grandchildren, who did not appear to claim it, and which was paid to the State Treasurer for them, as provided by

law. The estate appears to have been administered with scrupulous fidelity, and the whole proceedings suggest very strongly that the administration was taken out at the instance and for the benefit of these heirs. In these circumstances, the grandchildren and great-grandchildren of Henry and Ruth Stephenson cannot be allowed, after the lapse of more than 50 years, to disturb this sale. The parties, parents and grandparents of appellants, and heirs of both Henry and Ruth Stephenson, petitioned for the sale of the entire league, as the property of the estate of Henry Stephenson, and appellants, suing as their heirs, are estopped to set up at this date that only the title of Henry Stephenson passed by the sale. Besides, there is no direct evidence in the record that the land was community property. It is only as a matter of inference, possibly arising from the ages of the children of the original grantee and his wife, in connection with the date of the grant; but, assuming that it was community property, in order to accomplish a partition expeditiously, the parties resorted to these probate proceedings and a sale thereunder of the entire league. Murphy v. Sisters of the Incarnate Word, 43 Tex. Civ. App. 638, 97 S. W. 135; Stafford v. Harris, 82 Tex. 178, 17 S. W. 530.

[3] But we do not think that the proceedings in the probate court are void. It was not the grant of an original administration. The administration had been opened in Jasper county, at some date not shown, after Henry Stephenson's death, and must be presumed, as against this collateral attack, to have been still open when the administrator de bonis non was appointed. The probate court of Newton county had jurisdiction, as upon the creation of Newton county the records of such an administration were required to be transferred to that county. Act May 13, 1846, p. 294 (2 Sayles' Early Laws, art. 1736).

[4] The law in force at the time of this administration in 1856 was the act of 1848 (Hartley's Dig. art. 1110 et seq.), under which (section 1206) the probate court had authority to make partition. That the land was ordered sold for partition, as being incapable of division in kind, without the appointment of commissioners to first ascertain that fact, while probably erroneous, did not render the judgment void. The probate court was a court of general jurisdiction in all matters

145 S.W.—19

pertaining to the administration of estates of deceased persons. Guilford v. Love, 49 Tex. 716; Giddings v. Steele, 28 Tex. 750, 91 Am. Dec. 336. That these administration proceedings are not void is, we think, settled by the decisions of this state. Martin v. Robinson, 67 Tex. 374, 3 S. W. 550; Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Templeton v. Ferguson, 89 Tex. 47, 33 S. W. 329; Menard v. McDonald, 52 Tex. Civ. App. 627, 115 S. W. 63.

This substantially disposes of all the questions presented by this appeal. None of the assignments of error or the propositions thereunder presents sufficient grounds for reversal, and they are overruled.

We find no error and the judgment is affirmed.

Affirmed.

On Motion for Additional Findings of Fact.

On motion of plaintiffs in error, we make the following additional findings of fact:

The administration upon the estate of Henry Stephenson was granted upon the following petition: "State of Texas, County of Newton. To the Honorable Probate Court in and for said County: Your petitioner prays that he may be appointed administrator of the estate of Henry Stephenson, deceased, November, 1841; and there is property but no legal administrator to attend to said property at this time, Nov. 13th, 1856. [Signed] William McMahan."

The inventory returned by McMahan, administrator, is as follows:

"Exhibit of the Property of Henry Stephenson, Dec'd. There is on hand the following notes:

| | |
|---|---|
| One note on Ira Stephenson and A. F. Allbright | $ 51 79 |
| One note on A. F. Allbright & Ira Stephenson | 66 19 |
| One on Wm. McMahan & J. J. Stephenson | 68 75 |
| One on J. J. Stephenson & Wm. McMahan | 112 75 |
| One on Felix Stephenson & William Byerly | 91 75 |
| One on William Byerly & Felix Stephenson | 81 12 |
| One on John Stephenson | 250 00 |

"One league of land in Jefferson county the title in Spanish. League sold for the taxes of 1848 & 1849."

Plaintiffs in error are lineal decendants and heirs at law of Henry and Ruth Stephenson.