**YOUNT et al. v. FAGIN et al. (No. 624.)\***

(Court of Civil Appeals of Texas. Beaumont. Nov. 2, 1922. Rehearing Denied Nov. 15, 1922.)

1. **Corporations ⟨⟩621(1)—Receiver may be appointed on petition for that alone, where corporate rights have been forfeited.**

Both within an exception to the general rule in equity that the appointment of a receiver is only ancillary to an asserted cause of action, and under Rev. St. 1911, art. 2128, subds. 3, 4, a receiver may be appointed for a corporation which has forfeited its corporate rights, failed to elect officers, and abandoned all corporate enterprises and its property, though the petition of the stockholder therefor in addition seeks only the winding up of its affairs.

2. **Courts ⟨⟩1—Test of jurisdiction power to enter on inquiry.**

The test of jurisdiction is whether the tribunal had power to enter on the inquiry, not the legality of the exercise thereof, or whether its conclusions in the course of the inquiry were correct.

3. **Receivers ⟨⟩55—Receivership proceeding not void because of mere defects in petition.**

The allegation in petition for appointment of a receiver presenting a cause of action within the court's jurisdiction, mere defects in the petition, though they might avail on appeal from order of appointment, do not render the receivership proceeding void.

4. **Receivers ⟨⟩55—Appointment not void because improvident and irregular.**

Even if appointment of a receiver was improvident and irregular, so that the order would have been vacated on appeal, it is not therefor void on the theory that the court was without power or authority to make it.

5. **Receivers ⟨⟩55—Appointment without notice, in absence of emergency, not void, but erroneous.**

As a receiver may be appointed without notice when an emergency exists, appointment without an emergency and without notice, though irregular and erroneous, is not void.

6. **Receivers ⟨⟩35(3)—Appointment valid without citation if parties were present and consented.**

Though the corporation was not duly and legally served in a proceeding to appoint a receiver for it, yet the judgment is valid if, as recited therein, all parties were in court and consented to its being entered.

7. **Receivers ⟨⟩55—Strangers to proceeding protected in dealing with receiver, the judgment reciting service or jurisdiction of defendant.**

Strangers to a proceeding for appointment of a receiver may deal with the judgment of a domestic court of general jurisdiction entered therein, expressly reciting lawful service or jurisdiction of defendant, as importing absolute verity, and so be protected in their bona fide purchase from the receiver appointed, though the corporation was not served and did not appear, so that the judgment was voidable as between the parties.

8. **Receivers ⟨⟩55—Approval of bond by clerk a mere irregularity not invalidating appointment or acts.**

Even if the statute requiring a receiver's bond to be approved by the court be mandatory, instead of directory only, and if the court's recognition of the receiver, and ordering him to proceed as such, after he had filed his bond in the amount fixed by the court and had it approved by the clerk, as directed by the court, was not equivalent to approval by the court, there was but a mere irregularity after court had acquired jurisdiction, not invalidating the appointment or the receiver's acts.

9. **Receivers ⟨⟩137—Subsequent approval of sale not necessary, where according to explicit terms in order.**

Sale by receiver needed no further and subsequent confirmation by the court, where made to the person and on the exact terms authorized and directed in the judgment and order.

10. **Judgment ⟨⟩28—Appointment and acts of receiver not invalidated by void part of judgment dissolving corporation.**

The court having jurisdiction to appoint a receiver for a corporation and place its assets in his hands and order sale thereof by him, as was done, such part of the proceedings were not invalidated by any invalidity in the part of the judgment dissolving the corporation, as being beyond the court's power under the pleadings and facts.

Appeal from District Court, Jefferson County; W. H. Davidson, Judge.

Suit by H. L. Fagin and others against M. F. Yount and others for recovery of land and cancellation of defendants' title under a

---

⟨⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

\*Writ of error dismissed for want of jurisdiction December 13, 1922.

receiver's sale. Judgment for plaintiffs, and defendants appeal. Reversed and rendered. See, also, 225 S. W. 591.

Collins, Morris & Barnes and W. W. Cruse, all of Beaumont, for appellants.

M. S. Duffie and W. D. Gordon, both of Beaumont, for appellees.

HIGHTOWER, C. J. The real controversy in this case is over the title to two small tracts of land, at one time admittedly owned by the Federal Crude Oil Company, a private corporation, which had its domicile in Jefferson county, Tex. The appellants here, who were defendants below, based their claim of title to the land on a judgment of the district court of said county, by which a receiver was appointed for the Federal Crude Oil Company, and the receiver afterwards sold the land, under order of the court and such title, if any, as passed by the receiver's deed, is now in appellants. In order to a clear understanding of the questions before us, and our disposition of them, it is necessary, perhaps, that we make a rather full statement of the case before taking up the legal questions.

On the 26th day of September, 1907, J. F. Gilmartin filed suit in the district court of the Fifty-Eighth judicial district of Jefferson county against the Federal Crude Oil Company, being cause No. 6398 on the docket of said court. Plaintiff alleged that the defendant corporation had an authorized capital stock of $450,000, divided into 1,500,000 shares of the par value of 30 cents each; that plaintiff was the legal holder and owner of 200 shares of said stock; that defendant owned two small tracts of land in Jefferson county, Tex.—one tract containing 13.8 acres out of the John Douthitt survey in Jefferson county, Tex.; the other being an undivided one-half interest in a small tract on Spindletop Heights in the John A. Veatch survey; that defendant's charter was forfeited on July 1, 1906, for failure to pay its franchise tax to the state of Texas; that there had been no meeting of the directors of the corporation for several years, and that its property had been abandoned by its officers; that it was necessary that a receiver be appointed to dispose of the assets belonging to defendant for distribution among its stockholders of the proceeds thereof, as the company no longer had any legal existence.

The prayer of the petition was for the appointment of a receiver to take charge of and dispose of its properties, and for a final judgment, distributing the proceeds of any sale made among its stockholders and those entitled thereto, and for such other and further relief as plaintiff might be entitled to.

The court set the petition down for hearing on October 7, 1907, ordering the issuance of notice of such hearing to defendant. No-tice of the hearing was issued and served on Chas. J. Chaison, as vice president of the corporation. On the same date citation was issued to defendant, and served by delivery of a copy to Chas. J. Chaison, as vice president, commanding defendant to appear at the next regular term of the court, to be held December 9, 1907.

On October 7, 1907, the application for receiver came on to be heard. The court entered an order, reciting service of notice of the hearing on Chas. J. Chaison, as vice president of the defendant, and the failure of defendant to appear or answer; that upon the hearing of the petition and the evidence the court was of opinion that the prayer for receiver should be granted. The order appointed C. L. Rutt as receiver of the property of the corporation, upon execution by him of a bond in the sum of $500, to be approved by the clerk of the court. The bond was executed in the sum as provided in the order, and was approved by the clerk of the court.

On December 11, 1907, being the third day of the regular term of the court, C. L. Rutt, receiver, filed his report. Therein he stated that he had been unable to find any personal property, but had taken possession of two tracts of land, one containing 13.8 acres out of the John Douthitt survey, and the second being an undivided one-half interest in a tract out of the Hogg-Swain tract on Spindletop in the John A. Veatch survey, both tracts being fully described. In this report the receiver stated that the real estate was not very valuable, and would not increase in value to any appreciable extent; that no taxes had been paid on the property since the year 1902, and the state of Texas had filed suit against the corporation to enforce its tax lien for the year 1903 on the above-mentioned land, the amount of taxes claimed in the suit being $74.02, together with costs, interest, and penalties; that there was due on the land taxes for the years 1904, 1905, and 1906, with interest, costs, and penalties, which would amount to about $100; that, in the opinion of the receiver, the two tracts of land were not worth the amount of taxes due, and would not sell for sufficient to pay the taxes; that it was necessary for some action to be taken to dispose of the land; that the receiver did not believe that on public sale any bid would be received sufficient to pay the taxes; that it was for the best interests of the estate and all parties that the land be sold. The receiver further reported to the court that he had been offered the sum of $50 by J. F. Gilmartin for a conveyance of the land, Gilmartin to take the land subject to the tax lien upon the same, and that the receiver believed it to be to the best interests of all the parties that the proposition be accepted. On the same date the case was called for trial, and

a judgment entered. The judgment recites that—

"The plaintiff and defendant being present in court, by their attorneys, the court, after hearing the evidence, is of the opinion that the plaintiff is entitled to the relief prayed for."

The court decreed that the corporation should be and was thereby dissolved as a corporate body, and the receiver instructed to wind up the affairs of the corporation. The judgment recites:

"It further appearing to the court, from the report of said receiver, filed in this court on the 11th day of December, 1907, that the only property belonging to said corporation is two small tracts of land in Jefferson county, hereinafter described, and that said tracts of land are of little value, and that there is now due on said lands the state and county taxes for several years, and that at a public sale said lands would not probably bring enough to pay said taxes, and that plaintiff in this case, J. F. Gilmartin, has offered to give $50 for said lands, subject to all valid liens for taxes on same, and it further appearing to the court, from the evidence in this cause, that it is for the best interests of all parties that said offer be accepted and said land sold and conveyed to said J. F. Gilmartin at private sale, for said sum of money, and all parties being present in court and consenting thereto, it is therefore ordered by the court that the receiver, C. L. Rutt, be and he is hereby authorized and instructed, upon the receipt of the sum of $50, to execute and deliver to J. F. Gilmartin a deed conveying all the right, title, and interest of the Federal Crude Oil Company in and to the following described land: [Then follows a description of the two tracts of land.]"

On December 12, 1907, the receiver, Rutt, conveyed the two tracts of land to Gilmartin for the consideration and upon the terms stated in the judgment. By mesne conveyances whatever title Gilmartin got at the receiver's sale has vested in appellants Yount and Quinn. The present suit was brought by the appellees, as officers, directors, trustees, and stockholders of the Federal Crude Oil Company, against J. F. Gilmartin, plaintiff in cause No. 6398, and purchaser under the receiver's sale; the other defendants being the holders of the title to the two tracts of land by mesne conveyances from and under the purchaser at the receiver's sale.

The petition states fully the proceedings that were had in cause No. 6398, declaring the same null and void as a whole, and seeks a cancellation of the judgment, order of sale, and deed of conveyance made by the receiver, and for recovery of the title and possession of the land, and that defendants' title to the land be canceled, set aside, and held for naught, and the judgment herein granted to the plaintiffs such relief.

Defendants, appellants here, after general demurrer and general denial, made special answer, but it is not necessary to detail the same, except that the appellants Yount and Quinn pleaded innocent purchase for value without notice.

The following facts were established by the evidence: The Federal Crude Oil Company was duly incorporated in July, 1901. The corporation had an authorized capital stock of $450,000, divided into 1,500,000 shares of the par value of 30 cents each. Appellees owned a large quantity of stock, and while the corporation was an active going concern, they were officers and directors thereof. J. F. Gilmartin, plaintiff in cause No. 6398, in his petition, alleged ownership of 200 shares of the capital stock of the corporation. The land in controversy belonged to the corporation. The corporation drilled a well for oil on part of the land involved some time in the year 1901. The well was abandoned at a depth of something less than 2,000 feet, and there were no other operations for oil on the land. Appellee Fagin was the active organizer of the corporation, its general manager, and a director until some time in the year 1905, when he removed from the state, returning in the fall of 1916. Chas. J. Chaison was vice president and director of the corporation until he resigned some time in the year 1904. After that time he took no active part in the management of the corporation, although he may have continued as a director, about which he was not certain. D. A. Duncan was president of the corporation, and had removed from the state prior to 1907. The last meeting of the board of directors was held some time in 1904. The books and records of the corporation have, in some manner, disappeared, and could not be accounted for. The corporation's right to do business was duly and legally forfeited on the 1st day of July, 1905, for failure to pay its franchise tax. The facts recited in the receiver's report as to the taxes due upon the land and the pendency of a suit for taxes were true, as stated. The petition for the appointment of a receiver in cause No. 6398, the judgment therein, and sale of the land by the receiver, was in the year 1907. In May or June, 1919, an oil well was brought in in the vicinity of the land in controversy, and shortly thereafter the present suit was filed. Appellants Yount and Quinn, in the purchase of the land, paid value and relied upon the regularity of the proceedings in the receivership, and were without actual notice of any irregularities, procuring an opinion on the title from a firm of reputable attorneys, who declared the title thereto good.

[1] It is appellees' contention that the petition in cause No. 6398 did not invoke the jurisdiction of the district court, either as to the property of the Federal Crude Oil Company or as to its person, and that therefore all the proceedings, including the sale of the

property, were absolutely null and void. This is predicated, as we understand the contention, upon the proposition that in equity the appointment of a receiver is only ancillary to an asserted cause of action, being in the nature of a preliminary protective measure by which property is impounded and held by the court until the cause of action alleged may be judicially determined; that the petition asserted no cause of action against the corporation, and that the district court was therefore without jurisdiction to appoint a receiver.

It may be conceded that in equity, independent of statute, the appointment of a receiver is purely ancillary to an asserted cause of action, and is rarely and only in extreme cases authorized where no other relief is sought. It may also be conceded that, in the absence of statutory authority, a court of equity is without authority in the suit of a stockholder to wind up the affairs of a going corporation, and as ancillary thereto appoint a receiver. Bordages v. Burnett (Tex. Civ. App.) 221 S. W. 326; Espuela Land & Cattle Co. v. Bindle, 5 Tex. Civ. App. 18, 23 S. W. 819; People's Investment Co. v. Crawford (Tex. Civ. App.) 45 S. W. 738; Farwell v. Babcock, 27 Tex. Civ. App. 162, 65 S. W. 509.

These and other cases relied upon by appellees apply the rule to a going corporation, with managing officers and directors who are in actual charge of its affairs. The rule which inhibits minority stockholders, as such, from invoking the appointment of a receiver has for its reason that courts will not control the officers and directors of such a corporation or take the corporate property from their charge through the agency of a receiver, except upon gravest considerations of the conservation of the property in the interest of creditors and stockholders. But when, as in this case, the corporation has forfeited its right to do business, and has failed to elect officers, and has abandoned all corporate enterprises and its property, a stockholder, regardless of the extent or value of his holdings, may petition the court to take into its custody and control the assets of the corporation. The rule, as contended for by the appellees in this case, as well as the exceptions thereto, is thus stated in 23 R. C. L. 11:

"As a general rule, a receiver is a purely ancillary remedy, and it cannot be maintained in a proceeding instituted solely for that purpose. Of course, if the statute authorizes it, and in some well-recognized exceptions to the general rule, the appointment of a receiver may be the main object and purpose of the suit or proceeding. Thus it has been held that the appointment of a receiver may be made the main purpose of an action where a corporation ceases to exist, or abandons its business and neglects to elect its officers and there is no one to administer or care for its effects. * * *"

Again at page 24 of the same volume, it is said:

"A receiver will ordinarily be appointed where the corporation ceases to exist, or the purpose of its organization is impossible of attainment, or it abandons its business and neglects to elect its officers and there is no one to administer or care for its effects."

We think that the instant case is not only excepted from the general rule asserted by appellees as applied in equity, but is also excepted by the statutory law of this state.

Provision is made in article 2128, R. S. 1911, being the act of April 2, 1887, for cases wherein receivers may be appointed. Section 1 of the act, being article 2128, contains four subdivisions; subdivision No. 3 reading as follows:

"In cases where a corporation has been dissolved, or is insolvent, or in imminent danger of insolvency, or has forfeited its corporate rights."

And subdivision No. 4 reading:

"All other cases where receivers have heretofore been appointed by the usages of the court of equity."

The right to the appointment of a receiver for a corporation which has forfeited its corporate rights is therefore a legal right, not dependent upon the general rules of practice in courts of equity. Sumner v. Crawford, 91 Tex. 130, 41 S. W. 994; Shaw v. Shaw, 51 Tex. Civ. App. 55, 112 S. W. 124; Ripy v. Red Water Lumber Co., 48 Tex. Civ. App. 311, 106 S. W. 474; Canadian Country Club v. Johnson (Tex. Civ. App.) 176 S. W. 835. In the last case cited, the court, among other things, said:

"Article 2128, R. C. S., authorizes the appointment of a receiver in this very condition of a corporation; that is, when a corporation 'has forfeited its corporate rights.' The corporation was not dissolved; hence the property was not held in common by the stockholders, but was then in the corporation, whose entity was not destroyed, but whose rights to sue and act were forfeited. Being in that condition, clearly, the statutes recognize the right of any stockholder for the corporation to sue for the property and to place the property in court, for the reason under the law there was no managing officer or corporate body with a right to do so as such. In that sense, the corporation is a party. The court, having taken charge, instead of the directors, can pay the debts and distribute the assets to those entitled thereto."

We conclude that the court, under the rules of equity, as well as under the statute quoted, had power to appoint a receiver for the Federal Crude Oil Company, which, as shown by the plaintiffs' petition, in cause No. 6398, had forfeited its corporate rights.

[2] It seems to be well established that jurisdiction, being the power or authority

to hear and determine a cause, its existence does not depend upon either the legality of the exercise of that power or upon the correctness of the decision made. The test of jurisdiction is whether the tribunal had power to enter upon the inquiry, and not whether its conclusions in the course of the inquiry were wrong. Clayton v. Hurt, 88 Tex. 595, 32 S. W. 876; Railway Co. v. Lunn (Tex. Civ. App.) 141 S. W. 538; Menard v. McDonald, 52 Tex. Civ. App. 627, 115 S. W. 63.

[3] The allegations in cause No. 6398 presented a cause of action within the jurisdiction of the court, and mere defects in the petition upon which the receiver was appointed, though they might be available to defeat the receivership upon an appeal from the order of appointment, could not have the effect to render the receivership proceeding void. Lauraine v. First National Bank (Tex. Civ. App.) 204 S. W. 1022.

[4] The appointment of the receiver in cause No. 6398 may have been improvident and irregular, and upon an appeal it may be that such order would have been vacated, but, conceding that would have been the result had the order been appealed from, it does not follow that the order was void on the theory that the court making same was without power or authority to do so. In Lauraine v. Ashe, 109 Tex. 69, 191 S. W. 563, 196 S. W. 501, the court, among other things, said:

"Whether the order appointing the receiver was providently made will not be inquired into here. The court had jurisdiction of the cause and the power, inherent in a court of chancery, to appoint a receiver. An error in the exercise of the power will not invalidate the order."

[5] It is contended that the appointment of the receiver in cause No. 6398 and the judgment in that cause and all other proceedings therein were void, because of the lack of due service of notice or citation in the cause upon the corporation. The notice of hearing on the receivership and the citation were served upon Chas. J. Chaison, as vice president of the Federal Crude Oil Company. The evidence shows that Chaison was not vice president at the time of such service, and that he had no connection with the corporation other than perhaps as a director.

A receiver may, however, be appointed without notice when an emergency for such appointment is shown to exist. Williams v. Watt (Tex. Civ. App.) 171 S. W. 266; Temple State Bank v. Mansfield (Tex. Civ. App.) 215 S. W. 154. If an emergency does not exist for the appointment of a receiver, then such appointment, without notice, would be irregular, and, as has been generally held, would be erroneous, but not absolutely void. Weems v. Lathrop, 42 Tex. 207. Cyc. lays down the rule as follows:

"If, without notice, a valid order of appointment may be made in cases of extreme emergency, it has been considered that the question must be whether the necessity for the appointment exists so as to justify the exercise of power, or whether 'the court erred in the particular case in making the appointment, under circumstances which did not require summary action, and that the power and jurisdiction being conceded, the order, however unwarranted, is not void." 34 Cyc. 121.

[6, 7] If we should concede that the corporation was not duly and legally served with citation in cause No. 6398, still we do not think that the judgment was void in the sense that the plea of innocent purchaser interposed by the appellants in this case must be precluded thereby.

The judgment in cause No. 6398, among other things, recites that, "the plaintiff and defendant being present in court with their attorneys." Then in reference to the authorization of the sale, the judgment, after declaring that upon a hearing of the evidence the court finds it to be to the best interests of all the parties that the sale be made, recites, "and all parties being present in court and consenting thereto."

There was no express recital of service in the judgment, but if it be true that the defendant in cause No. 6398 was present in court and consenting to the judgment being entered, as the judgment recites, it would follow that the judgment was valid, whether citation was legally served upon the defendant or not. The court, in cause No. 6398, adjudged that it had acquired jurisdiction of the person of the defendant corporation, and this is shown by the very express language of the judgment itself. A domestic judgment of a court of general jurisdiction, although without service, is not absolutely void, but is only voidable, where lawful service or jurisdiction of the person of the defendant is expressly recited to have been had. In such a case, the record being regular on its face, it is the general rule that strangers to the proceeding may deal with it as importing absolute verity. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325; Carpenter v. Anderson, 33 Tex. Civ. App. 484, 77 S. W. 291; Williams v. Young, 41 Tex. Civ. App. 212, 90 S. W. 940; Dean v. Dean (Tex. Civ. App.) 165 S. W. 90.

[8] It is further contended by the appellees that all the proceedings in the receivership in cause No. 6398 were absolutely void, because the receiver never qualified as such. The record in this case affirmatively shows that the receiver, Rutt, took the prescribed oath, and executed a bond in the sum as fixed by the trial court. The only defect or irregularity in the receiver's bond was that the same was approved by the clerk of the court instead of by the court itself, as provided by the statute. We think, however, that the statute which requires the receiver's

bond to be approved by the court itself is not mandatory, but directory only. The court itself having fixed the amount of the receiver's bond, we think it was within the court's authority to authorize the clerk to approve the same. If, however, we should be mistaken in this, then we are of opinion that the approval of the bond was nevertheless but a mere defect or irregularity in a proceeding of which the court had acquired jurisdiction. After the receiver's bond had been approved and filed, it is clearly shown by the record that the receiver was fully recognized by the court as such receiver in the cause, and that he was ordered by the court to make the sale of the property here in controversy. Having filed his bond in the exact amount stipulated by the trial court, and having had the approval of the clerk as directed by the trial court, and having been recognized by the trial court as the receiver in the cause, and ordered and directed to proceed as such, we think that it should be held that the action of the court in so recognizing the receiver was equivalent to the approval by the court itself of the bond. We see no sound reason why the rule on this point should not be the same as that obtaining in administration proceedings in probate courts. In matters of administration, the rule is settled by numerous decisions that, where the court has acquired jurisdiction of an estate, mere irregularities in subsequent proceedings, such as granting letters, orders of sale, etc., will not invalidate the appointment or other such orders. It was so held in Giddings v. Steele, 28 Tex. 732, 91 Am. Dec. 336. It was also held in Lewis v. Ames, 44 Tex. 319, that irregularities in the qualification of an executor who had acted as such under the orders of the court would not invalidate or vitiate acts done by the executor, otherwise legal.

[9] It is also contended by the appellees that the sale of the land in controversy by the receiver, Rutt, was void because there was no formal and express order of confirmation of the sale by the court. As we have shown above, the judgment in cause No. 6398, which ordered the sale, recites that the receiver had reported that J. F. Gilmartin had made an offer of $50 for the land, subject to all valid liens for taxes, and that it appeared to be for the best interests of all the parties that such offer be accepted, and that the land be sold and conveyed to Gilmartin in private sale for that sum of money. Then the judgment proceeds as follows:

"It is therefore ordered by the court that the receiver, C. L. Rutt, be and he is hereby authorized and instructed upon receipt of the sum of $50 to execute and deliver to J. F. Gilmartin a deed conveying all the right, title, and interest of the Federal Crude Oil Company in and to the following described land: [Then follows a proper description of the land.]".

244 S.W.—66

It is the general rule that where a receiver is directed or ordered in general terms to make a sale of property, the sale must be confirmed by the court making the order before it can have full validity and be binding; and in such cases, without such confirmation, the purchaser acquires no title. We think, however, that the rule is without application in the instant case. Here the receiver reported to the court, as we have shown, the exact terms upon which Gilmartin had offered to buy the two small tracts of land in controversy, and stated to the court in the report that it was the opinion of the receiver that Gilmartin's offer was the best that he could procure, and that it would be to the best interests of those concerned in the corporation's assets that the sale be made to Gilmartin upon the very terms offered by him, and asked permission of the court to make the sale upon such terms. This permission, as shown by the court's judgment, was granted without qualification or condition, and the sale ordered to be made in the exact terms as offered by Gilmartin, and was made in the exact terms as directed by the court's judgment. Therefore we think that the sale by the receiver needed no further confirmation by the court. In 34 Cyc. 321, the author, speaking to the point here under consideration, says:

"Where the terms of the sale, as authorized and as represented by the contract, are expressed in the order in making the sale the receiver represents the court. The sale is deemed to have been made by the court, and no further action on its part would seem to be necessary in order to make the contract complete." Files v. Brown, 124 Fed. 133, 59 C. C. A. 403.

[10] We have shown that by the judgment in cause No. 6398, the court undertook to dissolve the Federal Crude Oil Company as a corporation and wind up its affairs. Whether the court had the power or authority to do so, under the pleadings and facts in this case, it is unnecessary for us to determine. Appellees base this contention upon the fact that there was no prayer in the petition of the plaintiff Gilmartin in cause No. 6398, for the dissolution of the corporation, and that there were no allegations anywhere in the petition upon which the court would be authorized to enter a judgment dissolving the corporation. It is next contended by appellees on that point that the service of citation in that cause upon Chas. J. Chaison, as vice president, even if he had been such, in fact, at the time of the service of citation upon him, would not have given the court jurisdiction over the person of the corporation so as to authorize judgment dissolving it. These contentions may be tenable, but, as stated, we do not believe that it is necessary to here determine the point. If it should be held that the court was not authorized in cause No. 6398 to decree a dis-

solution of the Federal Crude Oil Company, this would not, we think, have the effect to destroy the judgment in its entirety. If we are correct in our conclusion that the court had the power to appoint the receiver and place the assets of the corporation in his hands and order the sale of same by the receiver, as was done, then the title to the property in controversy in this suit is in the appellants herein, and the contention that the portion of the judgment dissolving the corporation was a nullity, if true, should not have the effect to render invalid and void also that part of the proceeding in cause No. 6398 appointing the receiver, and the actions of the receiver under such appointment. The rule in such instance seems to be laid down in 23 Cyc. 697, as follows:

"Although the judgment may go beyond the issues and grant relief not asked for, or not within the competency of the court, yet it may be good for so much as the court had power and authority to include in it."

We think that the order appointing the receiver in cause No. 6398, the order of sale and the sale itself were in all respects binding and valid as against the attacks now made, and that the judgment of the trial court in this case must be, and the same is, reversed, and judgment here rendered that the appellees take nothing as against appellants by this suit.