27    73
77    603

27    73
88    632

27    73
92    214

BEN. BROWN V. SAMPSON CHRISTIE.

A guardian's sale of land under the act of 1848, which was not made at the time and place prescribed by law, was a nullity, unless confirmed by the probate court.

A guardian's sale of land not made at the time prescribed by law, was illegal, and should have been set aside by the probate court; and if improperly confirmed by the probate court, its judgment might be corrected by a direct proceeding instituted for that purpose by any one having an interest in the matter.

But where a sale of land by a guardian, so illegally made, has been confirmed by the probate court, it cannot be collaterally questioned in a suit for the land, brought by a party who in good faith derives his title under the purchaser at such sale.

ERROR from Rusk. Tried below before the Hon. C. A. Frazer.

Trespass to try title, brought by the plaintiff in error against the defendant in error, for three hundred and twenty-six acres of land in Rusk county.

The land in controversy was part of the headright of Daniel Clark, deceased, and was sold by B. A. Vansickle as guardian of his minor heir, under an order of the probate court of the county of Rusk. The deed of Vansickle, the guardian, to the pur-

chaser, James N. Brown, recited that the sale was made on the 25th day of November, 1848. An order of confirmation of the sale was made by the probate court at its June term, 1850. The plaintiff, Ben. Brown, claimed title by mesne conveyances under James N. Brown, the purchaser at the guardian's sale.

The defendant disclaimed as to all the land sued for, except one hundred and fifty acres, to which he set up title in himself by conveyance from the former ward of Vansickle, the heir of Daniel Clark, deceased.

Among various matters set up in the answers, it was alleged that the guardian's sale, under which the title of the plaintiff was derived, was void, for the reason that it was made on the 25th day of November, 1848, and not on the first Tuesday of the month, as required by law, and without an order of the probate court appointing the day of sale.

The other facts appear in the opinion.

There was a verdict for the defendant, judgment accordingly, and a motion for a new trial overruled.

*J. C. Robertson & T. W. Jones,* for plaintiff in error.

*Armstrong & Parsons,* for defendant in error.—Guardians' sales must be made on the first Tuesday of the month. Hartley's Digest, articles 1557 and 1174.

It will be insisted that the confirmation and approval of the sale by the County Court cured all defects. Mere irregularities may be cured in this way, but void sales cannot be rendered valid so as to protect purchasers under them. We think the sale made by Vansickle was void, for two reasons:

1st. Because the order of sale was made without notice; and upon this point it is believed unnecessary to cite any authority.

2d. Because the sale was not made on the day appointed by law for it to be made. Howard vs. North, 5 Texas Reports, 290; Peters vs. Caton, 6 Texas Reports, 554.

In the case of Howard vs. North, this court say, when speaking of the day upon which the sale was made, "If this be not the first Tuesday of that month, the fact should have been proved by the

plaintiffs; and if established it would have invalidated the title of the purchaser." Again, the court say, "But where the time and place of a public sale are prescribed, the sheriff has no authority to sell at any other time or place, and should he do so, his acts are not merely *irregular, but void, and can confer no title.*" 5 Texas Reports, 310.

The language of the court in the case of Peters vs. Caton, 6 Texas R., page 558, is to the same effect as that in Howard v. North, except that "*administratrix*" is used instead of "*sheriff.*"

If a sale be void, can the confirmation and approval of it by the County Court make it valid?

MOORE, J.—The charge of the court below to the jury required them to find for the defendant, unless it clearly appeared from the evidence, that the sale by Vansickle, as guardian, was made on the first Tuesday of the month. If the instruction given by the learned judge who presided upon the trial of this cause, was in this particular correct, we should, as there is testimony to support the verdict, feel constrained to affirm the judgment, although there is, we think, a strong preponderance of testimony against their finding. We are of the opinion, however, that the charge of the court was, with reference to the facts of this case, erroneous.

In the case of Howard v. North, 5 Tex., 290, this court held that a sale of land under execution by the sheriff, unless on the first Tuesday in the month, is an absolute nullity. And in the subsequent case of Peters v. Caton, 6 Tex., 554, chief justice Hemphill, in delivering the opinion of the court, says, "The law fixing the time and place of a sale, not to be modified or changed except by the order of the court, is as well known to the purchaser as to the administrator; and when a change is made, an inspection of the order of the court, will show whether the administrator is acting in conformity with the decree. A sale by an administrator at a place and time other than those prescribed by the statute, or by decree, is not only irregular, but is in violation of law; and is, therefore, unauthorized and void." The force of this reasoning, we must confess, seems somewhat weakened, when

we attempt to apply it, not to the purchaser at the administration sale, but to one who, as appears to be the case with the present plaintiff, holds by a derivative title acquired in good faith. It is true, the plaintiff may be charged with constructive notice of the recital of the time of sale in the report of the guardian, and the deed to the purchaser under which he claims. But if the principle is correct that the sale is void, the false recital by the administrator or guardian, that the land was sold at the proper time, and the ignorance by the claimant of the facts, cannot render it valid. If void, no subsequent act of the parties can cure or validate it. Nor do we see that the court could do so. It presents to our mind the important question, whether the purchaser at such sales looks for his *title* to the sale by the administrator or guardian, or to the order of court confirming the sale. If the court has not jurisdiction to confirm the sale, because it was made at a different time from that prescribed by law, its confirmation does not establish the fact that it was correctly made; and if it has jurisdiction to enquire with reference to the time the sale was made, or upon any state of facts, to confirm or validate it, though not made at the proper time, the act of the court in confirming it cannot, we think, be called in question, in a collateral proceeding like the present. And such, we think, must have been the views entertained by chief justice Hemphill, notwithstanding his general language that we have just quoted; for in the same case, he says: "These authorities are sufficient to show that conformity to the statute is essential to the validity of sales of estates; and that, therefore, the act of the administratrix, in selling at a time and place not authorized by statute or decree, was illegal, and conferred no title on the purchaser. This is the general rule; but it is undoubtedly subject to modifications in particular cases. For instance, if the sale had been *formally approved* by the probate court, on motion or proceeding to that effect, the rights of the defendant would have been concluded by the decree ; and especially would this have been its legal effect, had the minors appeared and been represented by their guardian." And other acts are also enumerated in the opinion, which would have the same effect of curing the defect in the purchaser's title.

In the case of Peters v. Caton, the sale by the administratrix was not confirmed, having been made under the probate law of 1840, which is essentially different in this respect from the subsequent law under which the land in controversy in this case was sold. It may be well said, where there is no confirmation of the sale by the probate court, that the sale by the administrator, like that of the sheriff, is a nullity, if not made at the time and place prescribed by law. In such cases, the final act divesting the title of the defendant in execution, or of the heirs, is the act of a ministerial officer. But under the law authorizing the sale now in question, the title of an estate or minor, is not divested until there is a judicial action by the probate court. The sale, if not made at the time required by law, was illegal, and should have been set aside by the probate court; and, if it improperly confirmed it, its judgment might have been corrected, by a direct proceeding for that purpose, by any one having an interest in the matter. But it was not open to the collateral enquiry to which it was subjected in this case, by the instruction; and such, we believe, has been the general current of the decisions of this court. (See Alexander v. Maverick, 18 Tex., 179, and cases there referred to.)

The defendant in error also insists, that the sale of Vansickle was void, because notice of the application for the order of sale was not given as required by law. The court below sustained an exception to the answer setting up this defence. The decision of the point is, therefore, unnecessary to the present disposition of the case, and as it presents a question of considerable importance, and it has not been noticed in the plaintiffs' briefs, and has only been suggested in that of the defendant, without the citation of authorities, we deem it best to dispose of the case without any expression of opinion with reference to it.

For the error in the charge of the court, the judgment is reversed, and the cause remanded.

Reversed and remanded.