## CLARA M. CRAWFORD ET AL. V. J. S. McDONALD.

### No. 327.

1. **Probate Courts.**

Previous decisions have settled beyond controversy that our Probate Courts are courts of general jurisdiction in matters pertaining to estates of deceased persons .................................................................................... 630

2. **Probate Sales are Proceedings in Rem.**

The proceedings in probate to sell the land for payment of the debt for which it was charged by deed of trust, was a proceeding quasi in rem, and the devisees were parties thereto......................................................... 630

3. **Direct Attack Upon a Judgment.**

A direct attack upon a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of the same in a proceeding instituted for that purpose ...................................................................... 630

4. **Collateral Attack.**

A collateral attack upon a judgment is an attempt to avoid its binding force, in a proceeding not instituted for one of the purposes intended by a direct attack; as where, in a suit to try title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc.......................................................................... 630

5. **Want of Jurisdiction.**

The general rule is well established, that a judgment by a court even of general jurisdiction is void if it had, at the time of its rendition, no jurisdiction of the person of the defendant or of the subject matter of the litigation. But it is equally well settled upon principles of public policy, that inquiry by evidence aliunde the record can not be heard in a collateral attack upon a judgment of a domestic court of general jurisdiction regular on its face, as to any fact which the court rendering such judgment must have passed upon in its rendition............................................................. 631

6. **Conclusiveness of Judgments.**

The judgment of the Probate Court confirming a sale made under order of such court can not be attacked in suit by devisees against purchasers by evidence dehors the record, to the effect that the sale was not in fact made at the place required by law........................................................ 632

7. **Description of Land Ordered to be Sold.**

An order of sale may refer to the application, for description of land ordered to be sold. The order reciting that such description existed, followed by return of sale and confirmation, it will be presumed that the description was contained in such application when lost or destroyed................. 633

8. **Irregularity in Order of Sale—Surplusage.**

In 1874 the statute did not require that an order for sale of land of an estate direct that it be made by the executor. The law required simply that the court order the sale. It was not necessary to state by whom. An

order for sale was not vitiated by its requiring sale to be made by the petitioning creditor.   The record showed that the sale was in fact made by the executor ...................................................................... 634

ERROR to Court of Civil Appeals for Fifth District, in an appeal from Grayson County.

The opinion contains a statement.

*H. G. Robertson*, for plaintiffs in error.—1.   The Court of Civil Appeals erred in holding that the record of the probate proceedings disclosed a sufficient description of the property ordered to be sold. Hurley v. Bernard, 48 Texas, 87; Allday v. Whitaker, 66 Texas, 669; Collins v. Ball, 82 Texas, 259; Murray v. Land, 27 Texas, 89; Greene v. Holt, 76 Md., 667; Wilson v. Hastings, 66 Cal., 243; Herrick v. Ammerman, 32 Minn., 544; Rorer on Jud. Sales, secs. 260, 261.

2.   The sale under which defendants in error claim was void, and should have been so held.   The order required the petitioning creditor to make the sale.   This rendered the order of sale void, from which follows the nullity of the sale, which could not be validated by the subsequent confirmation.   Pasch. Ann. Dig., art. 1327; Rose v. Newman, 26 Texas, 131; Ball v. Collins, 5 S. W. Rep., 622; Tiffett v. Mize, 30 Texas, 161; Crouch v. Eveleth, 12 Mass., 503; Jarvis v. Russick, 12 Mo., 63; Swan v. Wheeler, 4 Day, 122; Long v. Bennett, 13 Iowa, 28; Goforth v. Longworth, 4 Ohio, 129; Gilchrist v. Shackelford, 72 Ala., 7; Tiernan v. Beam, 2 Ohio, 383; Ludlow v. Johnson, 3 Ohio, 553; Brown v. Christie, 27 Texas, 75; Peters v. Caton, 6 Texas, 558; Withers v. Patterson, 27 Texas, 491.

3.   The sale was void, as the undisputed testimony showed that the sale was made at Denison, a distance of ten miles from Sherman, the county seat.   Pasch. Ann. Dig., art. 1325; Peters v. Caton, 6 Texas, 558; Brown v. Christie, 27 Texas, 75.

*Decker & Harris*, for defendant in error.—1.   All the orders, records, entries, and papers may be referred to in support of and for the purpose of explaining apparent or latent defects in judgments of a court. Hurley v. Barnard, 48 Texas, 88; Davis v. Touchstone, 45 Texas, 490.

2.   The order of sale being indefinite as to who, whether creditor or executor, was directed to make sale of lands, when it appears from other records and evidence that the executor acted under said order and that same was recognized by the court, and the acts of said executor adopted and approved by the proper court a few months after the said order was made, warrants the court in his first conclusion of law, which is assigned as error.   Dancy v. Stricklinge, 15 Texas, 557; Baker v. Coe, 20 Texas, 430; Saye's Heirs v. Maverick, 18 Texas, 100; White v. Jones, 67 Texas, 638.

3.   A sale of decedent's land in 1874, made in course of administration, under order of sale from a Probate Court, report of sale made by

executors, and said sale appearing to have been fairly conducted, and the land having sold for full market value, and the sale having been confirmed by the proper court, said sale is neither void nor voidable. Hurley v. Barnard, 48 Texas, 83; Gillinwaters v. Scott, 62 Texas, 671; Dancy v. Stricklinge, 15 Texas, 557; Baker v. Coe, 20 Texas, 430; Saye's Heirs v. Maverick, 18 Texas, 100; White v. Jones, 67 Texas, 638.

4. The order of sale, confirmation, report of sale, and mortgage sufficiently describe the land in controversy, and fully identify same and convey title to said property. Hurley v. Barnard, 48 Texas, 83; Kleinecke v. Woodward, 42 Texas, 310; Davis v. Touchstone, 45 Texas, 490.

DENMAN, Associate Justice.—This is an action of trespass to try title, brought by plaintiffs in error against defendant in error, to recover title and possession of one-half interest in block 65, Miller's second addition to the city of Denison, Grayson County, Texas. Defendant in error pleaded not guilty, limitation, and improvements in good faith. The trial court having rendered judgment for defendant in error, and same having been affirmed by the Court of Civil Appeals, plaintiffs in error have brought the case to this court by writ of error.

Shepard & Nelson, a firm composed of L. W. Shepard and C. W. Nelson, being the owners of the land, in December, 1873, through their duly authorized attorney, H. Tone, conveyed same, with other lands, to Acheson, trustee, by trust deed, properly describing the land, to secure an indebtedness due by said firm to J. Milligan. Nelson having died in March, 1874, leaving a will devising his property to plaintiffs in error, and appointing H. Tone his executor, and the will having been probated and said executor having qualified, the District Court of Grayson County, Texas, which convened September 28, 1874, sitting in probate, on the 24th day of October, 1874, made the following order:

"J. Milligan

"v.

"Estate of C. W. Nelson.

"This day came J. Milligan, by attorney, and presented his claim against said estate for the sum of $1639.60, which appearing to the court as just, duly authenticated and allowed by the executor of said estate, it is ordered by the court, that the same be established as a third-class claim against said estate; and the application to sell certain lands belonging to said estate to discharge said claim having been heard and fully understood by the court, it is ordered, that the petitioner proceed to sell the same as described by metes and bounds in said application, on a credit of twelve months, on terms as required by law, said sale to take place on the first Tuesday in December, 1874."

On February 12, 1875, said executor filed in said court the following report of sale:

"H. TONE, EXECUTOR ESTATE OF C. W. NELSON.

"STATE OF TEXAS, ⎫ In District Court, January Term, A. D. 1875.
"County of Grayson. ⎭

"*To the honorable the District Court of Grayson County, sitting in matters of probate:*

"Your petitioner, H. Tone, executor of estate of C. W. Nelson, represents, that pursuant to an order issued out of this court at September Term, A. D. 1874, he did offer at public vendue, within the legal hours, on first Tuesday in December, A. D. 1874, certain lands embraced in said order, to satisfy a note held by J. Milligan against said C. W. Nelson and L. W. Shepard, and secured by trust deeds which were embraced in application for said order. That at said sale block 63, in town of Denison, was knocked off to J. C. Montgomery at $125; block 65 to William Hughes, $186. * * * Which petitioner states was a fair price, and he therefore asks the court to confirm said sales. * * *        "F. N. ROBERTSON, Attorney for Petitioner."

On the 19th day of February, 1875, said District Court, sitting in probate, entered the following order:

"H. TONE

   "V.

"ESTATE OF C. W. NELSON.

"This day came on to be heard the report of sale of certain lands belonging to said estate. The same in all things appearing to be fair and correct, is confirmed, * * * and the administrator is ordered to make deeds to the purchasers upon compliance with the terms of sale."

The original inventory of said estate, filed by the executor in said court on the 29th day of January, 1875, among other lands, contained "Block 65, Miller's second addition to the city of Denison."

The purchase money having been paid to him, the executor, soon after the entry of said order confirming the sale, executed a deed to the purchaser for the land in controversy herein, which deed having been lost or destroyed, he, on the 24th day of July, 1888, being still executor, executed and delivered to the purchaser another deed conveying the land in lieu of said lost deed.

Plaintiffs in error claim the land in controversy as devisees of said C. W. Nelson, under the will aforesaid; and defendant in error asserted title by mesne conveyances under said purchaser at said probate sale. If such sale was sufficient to pass title to the property to the purchaser thereat, then plaintiffs in error can not recover, and the

judgment must be affirmed, irrespective of any other questions in the record.

The first ground upon which plaintiffs in error claim such sale to be void is, that it was made at Denison, instead of at Sherman, the county seat of Grayson County, where the court house was then situated, in violation of the statute requiring same to be made at the door of the court house of the county.

Where a domestic judgment is sought to be impeached, in order to determine the rules of law governing the particular proceeding, it becomes necessary to consider (1) whether such judgment was rendered by a court of general jurisdiction over the subject matter of the suit or proceeding in which same was rendered; (2) whether the attack is being made by parties thereto or their privies, or by strangers; (3) whether the attack is direct or collateral; (4) whether the evidence adduced to support the attack is apparent on the face of the record of the proceedings in which said suit was rendered, and if not, whether evidence aliunde is competent; and (5) whether the ground of the complaint is one which, if true, goes to the power of the court to render the judgment, or is a mere matter of procedure.

We will confine ourselves to the determination, in their order, of such of said questions, and the discussion of such principles of law applicable thereto, as may be necessary to the decision of the case before us, without attempting to discuss the many interesting questions which may be suggested.

Previous decisions, which meet with our entire approval, have settled beyond controversy the proposition that our Probate Courts are courts of general jurisdiction in matters pertaining to estates of decedents.   Murchison v. White, 54 Texas, 83.

The proceedings in probate to sell the property in controversy herein being quasi in rem, the devisees, plaintiffs in error, were parties thereto.   Murchison v. White, 54 Texas, 83.

A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc.

A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid, as where, in an action of debt on a judgment, defendant attempts to deny the fact of indebtedness; or where, in a suit to try the title to property, a judgment is offered as a link in the chain of title, and the adverse party attempts to avoid its effect, etc.

Tested by these principles, it is clear that the attack on the judgment of the Probate Court confirming the sale in the case before us is collateral.

It does not appear from the face of the record of the court in the probate proceedings where the sale was made.   The undisputed ver-

bal testimony in the case, however, shows, that after said order of sale was made, Acheson, the trustee in said trust deed, acting under the power contained therein, sold the land in controversy, together with the other land described in said trust deed, at public vendue, within the hours prescribed by law, on the first Tuesday in December, 1874, in the city of Denison, about ten miles distant from Sherman, the county seat of Grayson County, at which sale said executor was present, taking part as executor, it being announced by the trustee, in crying off the property, that he, as trustee, would convey to the purchasers at such sale the title of the surviving partner, L. W. Shepard, and that the executor would convey the title of the estate of C. W. Nelson.

The question then is, can this judgment of confirmation of sale, rendered by a domestic court of general jurisdiction of estates of decedents, in a matter to which its jurisdiction had attached by the granting of an application for an order of sale in a pending administration, be attacked by evidence of matters dehors the record?

The proper determination of this question on sound legal principles is of the greatest importance, since on the one hand great injustice may sometimes result to persons against whom judgments are asserted, by a rule precluding inquiry even in a collateral attack, into matters dehors the record affecting the validity of such judgments; while on the other hand, if such evidence be allowed, no title held under a judgment of any court, however regular its proceedings appear, would be of much value, as such collateral attack can be made after any lapse of time, it not being an action or suit within the meaning of any statute of limitations, but merely a means of rebutting and destroying the effect of the judgment as evidence, and the attack, if successful, establishes the nullity of the judgment from its inception, under which no one, however innocent, can acquire many of the rights which the courts under settled rules of law will protect where the judgment is attacked directly.

The general rule is well established, that a judgment rendered by a court even of general jurisdiction is void, if it had, at the time of the rendition of the judgment, no jurisdiction of the person of the defendant or the subject matter of the litigation. This principle is self-evident, because until the court acquires jurisdiction it has no power to proceed to investigate and determine private rights. *Logically* it can make no difference as to the validity of the judgment, whether the lack of jurisdiction of the person or the subject matter appears from the face of the record, or is made to appear by evidence aliunde. For if, for instance, no service was had upon the defendant, he not appearing in the case, the court, having no jurisdiction whatever over his person, is absolutely without power to bind him by an adjudication that he had been in fact duly served; and logically this want of power is the same, whether the lack of jurisdiction appears on the face of the record or not. There is, however, another rule of law equally well settled upon principles of public policy, which precludes

inquiry by evidence aliunde the record, in a *collateral attack upon a judgment of a domestic court of general jurisdiction, regular on its face,* into any fact which the court rendering such judgment must have passed upon in proceeding to its rendition. Therefore it is well settled, that where a personal judgment has been rendered against a defendant by a domestic court of general jurisdiction, and under the same his property has been seized and sold, he will not, in a contest over the title to the property, be allowed to show by evidence *dehors the record* that the judgment was rendered without any service whatever upon him. Logically the judgment is in fact void, but on grounds of public policy the courts, in order to protect property rights, apply the rule aforesaid, which precludes inquiry into facts dehors the record for the purpose of showing the invalidity of the judgment; and therefore for all practical purposes, in such collateral attack, the judgment is held valid.   This rule is analogous to and probably as important as the rule forbidding the introduction of verbal testimony to vary or contradict the terms of a written contract, except in a proceeding instituted for the purpose of correcting, reforming, or annulling the same. These principles have long been acted upon by this court, as applicable to judgments of the District, Probate, and Justice Courts, and have become settled rules of property in this State.  Murchison v. White, 54 Texas, 78; Williams v. Ball, 52 Texas, 603; Brown v. Christie, 27 Texas, 73; Heck & Baker v. Martin, 75 Texas, 469; Fowler v. Simpson, 79 Texas, 611; Martin v. Burns, Walker & Co., 80 Texas, 677; Hardy v. Beaty, 84 Texas, 562.   Whether an exception has been engrafted upon this rule by the decision of the Supreme Court of the United States in Pennoyer v. Neff, 95 United States, 565, and if so, what is the effect thereof, is foreign to this discussion.   Martin v. Burns et al., 80 Texas, 676; Hardy v. Beaty, 84 Texas, 564.

Since the rule of public policy above referred to precludes inquiry in a collateral attack into even a jurisdictional fact, when the evidence thereof does not appear from the face of the record, it must follow, for stronger reasons, that the judgment in this case affirming the sale can not be attacked collaterally by evidence dehors the record to the effect that the sale was not in fact made at the place required by law. The court in confirming the sale will be conclusively presumed in this collateral attack to have investigated and determined correctly that the sale was made at the proper place, and no evidence aliunde to the contrary will be permitted to impeach the correctness of the judgment. The only relief, if any, permitted by the rules of law against an improper determination of such question by the court in rendering such judgment of confirmation, is to be found in a direct attack upon the judgment where the court has full power to adjust the equities of the parties litigant.   We are therefore of the opinion, that this judgment can not be attacked by the evidence dehors the record of the Probate Court that the sale was not made at the court house door of Grayson County. Brown v. Christie, 27 Texas, 73.

Since we have disposed of the first objection raised by plaintiffs in error on the ground above stated, we deem it unnecessary to determine whether, if it had appeared on the face of the record that the sale was made at Denison, such fact would have rendered the judgment of confirmation and sale thereunder void.

Plaintiffs in error also claim, that the judgment is void for want of a proper description of the land sold in the probate proceedings. The deed of trust executed by Shepard & Nelson, through their attorney, H. Tone, properly described the land. Said Tone was afterwards appointed executor of Nelson. J. Milligan, cestui que trust, thereupon applied for an order of sale of lands to pay the debt secured by the trust deed. The lands were actually cried off by Acheson, the trustee under the trust deed, and the executor, who, as attorney, had executed the trust deed, was present at the sale, the announcement being made that the trustee would deed one-half of the land under the powers contained in the trust deed, and that the executor would deed the other half, as the representative of the estate of the deceased partner, Nelson. The application for the order of sale has been lost, and no attempt was made on the trial to prove its contents; but the order of sale recites, that the lands were described by metes and bounds in the application. After the sale was made, and before it was confirmed, said executor, who had executed the trust deed as attorney, and who had been present and participated in the sale of the land thereunder, filed an inventory of the estate, which properly described the land as being "Block 65, Miller's second addition to the city of Denison," and a few days thereafter filed his report of sale, in which he described the land sold as "Block 65," stating also, that he had sold "certain lands embraced in the order of sale to satisfy a note held by Milligan against C. W. Nelson and L. W. Shepard, and secured by trust deeds, and which were embraced in the application for said order." Thereupon the court entered an order confirming the sale, and ordering the executor to execute the deeds. The executor, in accordance with said order, executed the deeds, properly describing the land. The proof showed, that there was only one block numbered 65 belonging to the estate. There is no evidence as to when the application for the order of sale was lost, and it is entirely probable that the same was on file and a part of the record at the time the order of confirmation was made. It is well settled, that the description in the order of sale may be aided by other portions of the probate record. The order of confirmation refers to the report of sale then on file, which describes the property as block 65. The report of sale states, that in pursuance of the order of sale he sold the lands embraced in said order to satisfy the Milligan note, which was "secured by trust deeds which were embraced in application for said order," and the trust deed securing said note being referred to, we find a complete description of the land. If, as recited in the report of sale, the trust deeds were embraced in the application for the sale, which has been lost, then the record contained a

complete description of the property. We think it a proper inference from the testimony in support of the judgment below, that the application embraced the land mentioned in the deed of trust to Acheson, and that the same was properly described therein, as found by the Court of Civil Appeals. When these circumstances are taken in connection with the inventory, which gave a complete description of the property, except that it did not show that Denison was situated in Grayson County, Texas, and the other circumstances above referred to, we think the description sufficient to identify the property, and that the Court of Civil Appeals and court below did not err in so holding. Hurley v. Barnard, 48 Texas, 83; Kleinecke v. Woodward, 42 Texas, .310; Davis v. Touchstone, 45 Texas, 490.

Plaintiffs in error also contend, that the probate sale is void, because the order of sale on its face directs that the sale be made by the "petitioner," Milligan, instead of by the executor. The statute in force at that time did not require the order to specify that the sale was to be made by the executor, but simply required the court to order the sale. It was therefore not necessary to state in the order by whom the sale was to be made. We think the Court of Civil Appeals were correct in considering that part of the order directing the petitioner, Milligan, to make the sale, surplusage, which, when rejected, leaves a complete valid order directing the sale. The executor and the court below evidently so treated it in selling and confirming the sale, in which Milligan seems to have taken no part, or may have considered the use of the word "petitioner" instead of "executor" in the order of sale a mere clerical error.

The judgment will be affirmed.

*Affirmed.*

Delivered November 14, 1895.

BROWN, Associate Justice, did not sit in this case.