## MORRIS v. SOBLE et al.
### No. 2386.

Court of Civil Appeals of Texas. Beaumont.
June 9, 1933.

Rehearing Denied June 14, 1933.

J. F. Dabney, of Houston, for plaintiff in error.

WALKER, Chief Justice.

On the 13th of August, 1930, the city of Liberty, a municipal corporation of Liberty county, filed suit against appellee Leo Soble for taxes due against the following described property: "A part of Inner Lot No. 4, Inner Block No. 14, located in the town of Liberty, Liberty County, Texas, and being that part of said lot conveyed by Ray Partlow to Leo Soble by deed dated February 2, 1926, of record in Vol. 154, Page 350, of the Deed Records of Liberty County, Texas, to which reference is made for particular description."

Judgment by default was rendered in that suit on the 25th day of February, 1931, in favor of the city of Liberty against appellee Soble for the claimed taxes, with foreclosure of tax lien, against said property. On the 7th day of April, 1931, order of sale was duly issued on that judgment and on the 5th day of May, 1931, under the order of sale, the property was sold to appellant, W. C. Morris, and deed therefor duly executed and delivered to him by the sheriff of Liberty county. On February 12, 1932, appellee Leo Soble brought this suit against the city of Liberty and appellant, Morris, to set aside, annul, and cancel the default judgment and the deed executed to appellee under the order of sale and for title and possession of the property sold under the order of sale and for writ of possession. For grounds of relief appellee alleged: (a) He owned the property in controversy; (b) the petition upon which the judgment in the tax suit was rendered was not signed by the city of Liberty nor by any one for the city of Liberty; (c) the citation served upon him, upon which the tax judgment was rendered, was fatally defective and absolutely void because it did not contain the file number of the suit on its face; (d) there was no newspaper advertisement of the order of sale and no refusal of the newspapers of Liberty county to publish the notice of sale for the compensation allowed by law. The prayer was as follows:

"Wherefore, plaintiff prays the court that Defendants be cited to appear and answer this petition; that on hearing hereof, he have judgment setting aside and holding for naught the judgment which was taken against him in the above cause, and that all proceedings had thereunder be declared invalid, and that the deed above referred to be cancelled and set aside, and the cloud upon plaintiff's title, created thereby, be removed and that he have judgment for the title and possession of said above described land and premises, and for costs of suit and such other and further relief, both general and special, legal and equitable, and that he may show himself justly entitled to.

"Leo Sobel, Plaintiff."

Appellant answered only by general demurrer and general denial. The city of Liberty answered by plea of misjoinder of parties, general demurrer, and general denial. The trial was to the court without a jury, with judgment awarding appellee title to the property in controversy, canceling the sheriff's deed made under the tax judgment, writ of possession, costs of court, and so forth. In support of the judgment the trial judge filed the following conclusions of fact and law:

"At the request of defendants I file the following findings of fact and conclusions of law, to-wit:

"That on the 13th day of August 1930, the plaintiff, Leo Soble, was the owner of the

land described in his petition; that on said date the defendant, City of Liberty, undertook to file suit against the plaintiff herein for taxes, then past due, on said property, but the petition in said tax suit was not signed by any one as attorney, or otherwise signed; that citation was issued on the unsigned petition, but failed to give the number of the suit except in the endorsement on the back thereof; That the defendant, Leo Soble, did not appear or file an answer in said cause.

"That on the 25th of February, 1931, the City of Liberty took default judgment in said Tax suit against the plaintiff herein for the sum of $21.04 and cost of suit, and for foreclosure of the tax lien on the property described in plaintiff's petition herein.

"That on April 7th, 1931, an order of sale was issued in said tax suit and thereafter, on the 5th day of May, 1931, said property was sold under said order of sale to W. C. Morris, one of the defendants herein, for the consideration of $39.85 and a deed was made by the Sheriff of Liberty County, Texas, conveying all the right, title and interest of the said Leo Soble to the said W. C. Morris.

"There was no newspaper advertisement of such sale, there being a newspaper published in said County, and there was no refusal by such paper to publish such notice of sale for the amount allowed by law to publish such notices.

"I conclude as a matter of law that the Sheriff's deed conveying plaintiff's property to the defendant W. C. Morris is void but cast a cloud on plaintiff's title; hence judgment was entered for plaintiff as prayed for."

## Opinion.

The evidence fully supports the conclusions of fact filed by the trial judge, except the conclusion that "there was no refusal by such paper to publish such notice of sale for the amount allowed by law to publish such notices." As we construe the statement of facts, the evidence wholly fails to sustain this conclusion. The only evidence on the issue was by appellee Soble and was merely to the effect that the editor or manager of one of the papers in Liberty county told him he had never refused to publish notices of sale. There was no testimony that this particular notice of sale was ever presented for publication to any newspaper in Liberty county. As we construe the evidence, there was no evidence one way or the other on the issue.

The evidence was clearly to the effect that the original citation failed "to give the number of the suit except in the endorsement on the back thereof." We pretermit a discussion of appellant's proposition that this defect in the citation was insufficient to render void the judgment under which he purchased the property.

It is our judgment that the fact conclusion that "the petition in said tax suit was not signed by anyone as attorney or otherwise signed" is sufficient to support the judgment. Article 1997, R. S. 1925, provides that the petition, filed by the plaintiff in civil suits in the district and county courts, "shall * * * be in writing, signed by the party or his attorney and be filed with the clerk." In passing upon this very point, the Supreme Court, in Hemming v. Zimmerschitte, 4 Tex. 159, held that a pleading not signed must be disregarded. In Mass. Bonding & Ins. Co. v. Le May (Tex. Civ. App.) 28 S.W.(2d) 259, in an action on an accident policy, it was held that part of the pleading to recover against another company was fatally defective where not signed by plaintiff or in plaintiff's behalf.

Appellant does not question the force of these authorities, but insists that this point is available only on direct appeal. Errors not going to the foundation of the plaintiff's cause of action are not available to the defendant in an independent suit to set aside the original judgment. But errors fundamental in their nature, going to the jurisdiction of the trial court, are available in an independent suit to set aside the judgment and sales made thereunder, except where the interests of third parties intervene which should be protected under the broad principles of public policy. Crawford v. McDonald, 88 Tex. 626, 33 S. W. 325. For a third party to be entitled to protection under such a judgment, it must appear that the judgment is regular on its face and that he is a good faith purchaser. Burton v. McGuire (Tex. Civ. App.) 3 S.W.(2d) 576. It follows that the regularity of the judgment and the good faith of the purchaser thereunder are defensive matters to be specially pleaded. This conclusion rests upon the proposition announced by our Supreme Court in Pleasants v. Dunkin, 47 Tex. 343, top page 356, that "the courts of Texas, hold that a bona fide purchaser is protected by the decree of a court which has jurisdiction." See, also, the two cases just cited; generally "bona fides" is an affirmative defense that must be specially pleaded. Appellant not only failed to plead the regularity of the tax judgment, and that he was a good faith purchaser, but on the trial made no objection whatever to appellee's testimony, on the theory that it would contradict and impeach the regularity of the judgment under which he had purchased the property in issue.

The case was tried upon the issues made by the pleadings, that is, whether or not the petition was signed by the city of Liberty or by any one for the city of Liberty, and the other issues stated above, and appellant's general denial against these allegations of the petition; though appellant also answered by general demurrer no ruling was invoked thereon in the lower court and no point

is made in this court against the sufficiency of the petition to state a cause of action for the relief prayed for. This being the theory upon which the case was pleaded by the parties, and tried by the court, and judgment rendered thereon, appellant cannot inject a new theory on appeal that has no support in the pleadings or proof.

■ Since, as between the original parties, the petition filed in the tax suit was insufficient to confer jurisdiction upon the trial court to render the default judgment, because it was filed in violation of article 1997, R. S. 1925, and since appellant failed to plead and prove the regularity of the judgment rendered by default on the petition, and failed to plead and prove that he bought the property in good faith, relying upon the regularity of the judgment, it is our conclusion that the statutory defect in the original petition filed in the tax suit was available to appellee in this action to cancel and annul the tax judgment and the sale thereunder and to recover his property.

It follows that the judgment of the lower court should be in all things affirmed, and it is accordingly so ordered.