Affirmed
and Memorandum Opinion filed August 25, 2009.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-01008-CV

____________

 

KENNETH RYALS AS ACTING TRUSTEE OF
EAST TEXAS INVESTMENT TRUST, Appellant

 

V.

 

LISA OGDEN, STEVEN GAYLE, AND WAYNE
WESTBROOK,
Appellees

 



 

On Appeal from the 55th
District Court

Harris County, Texas

Trial Court Cause No. 2007-63116

 



 

M E M O R A N D U M   O P I N I O N

Kenneth Ryals appeals from an order
granting a temporary injunction.  Ryals contends that the district court lacked
jurisdiction because the same dispute was decided in a prior lawsuit filed in
the County Civil Court at Law No. 1 in Harris County.  He also asserts that the
trial court should have denied injunctive relief based on the doctrine of
unclean hands.  We affirm.

 








Background

The East Texas Investment Trust (Athe Trust@) was created on
May 2, 2001, by Pauline Westbrook.  Maxie Westbrook is Pauline=s son and Tammie
Guinn is his wife.  Lisa Ogden and Wayne Westbrook are Maxie=s children born
during his marriage to Rita Gayle.  Steven Gayle is Rita Gayle=s son.  The
original named trustees of the Trust were Maxie Westbrook and Guinn.  The trust
corpus is real property located at 11747 Eastex Freeway in Houston, Texas.  The
property produces rental income in the form of lease payments from Big Man
Trucking. 

On November 9, 2006, the judge of the
County Civil Court at Law No. 1 signed a judgment in a lawsuit filed by Ryals
as the managing trustee of the Trust.  Ryals sued Maxie Westbrook, Commercial
Industrial Roofs, Inc., d/b/a Industrial Roofs of Texas, Commercial Roofing
Supplies, Inc., Doc=s Tractor Parts Company, Tammie Guinn,
along with their tenants, agents, assigns, and other parties claiming through
them.  








The record in this appeal contains no
documents filed in the county court suit other than the November 9, 2006
judgment.  From the arguments and testimony in the district court hearing on
the temporary injunction, it appears that the county court suit was filed to
determine (1) the ownership of 11747 Eastex Freeway; and (2) whether trustees
Maxie Westbrook and Guinn breached a lease agreement with the Trust.  The
county court determined that the Trust owned the 11747 Eastex Freeway property,
and ordered AMaxie Warren Westbrook, Commercial Industrial Roofs,
Inc., d/b/a Industrial Roofs of Texas, Commercial Roofing Supplies, Inc., Doc=[s] Tractor Parts
Company, Tammie Rene Guinn, and any of their tenants, such as Bonnie and
Wendell Edwards, d/b/a Big Man Diesel Repair, agents, such as Lisa Ogden lessor
of fraudulent lease, assigns, or other parties, claiming through them@ to pay past due
rent.  The county court appointed Rick Bowman as receiver to facilitate enforcement
of the county court=s final judgment.[1] 
Maxie Westbrook and Guinn appealed the county court judgment, but their appeal
was dismissed for want of prosecution.

On October 11, 2007, appellees Lisa Ogden,
Steven Gayle, and Wayne Westbrook sued Ryals in Harris County district court
alleging breach of the trust agreement.  They alleged that Ryals breached the
Trust agreement by removing Maxie Westbrook and Guinn as trustees without their
consent and without complying with the Trust terms.  The petition requested a
temporary injunction enjoining Ryals from selling or otherwise conveying the
11747 Eastex Freeway property.  

At the temporary injunction hearing in
district court, Lisa Ogden testified that Maxie Westbrook owed Ryals money;
according to Ogden, Ryals intended to sell the 11747 Eastex Freeway property
and apply the sales proceeds to Maxie Westbrook=s debt.  Ogden
testified that Ryals improperly removed Maxie Westbrook and Guinn as trustees
of the Trust, and that he had expressed his intent to sell the property.  On
cross-examination, Ogden testified that more than $40,000 in taxes was owed on
the property.  Before Ryals filed the prior county court suit, Ogden used
rental income from the property to pay taxes; after the county court suit was
filed, Ogden used a portion of the property=s rental income to
pay attorneys= fees.

         Ryals testified at the temporary injunction
hearing that Maxie Westbrook told him he no longer wanted to be a trustee of
the Trust, and requested that Ryals act as trustee.  Ryals asked several family
members to act as trustee, but no one wanted to be involved in Maxie Westbrook=s business
dealings; Ryals characterized those dealings as Afrauds.@  Ryals also
testified that Guinn resigned as trustee.  Ryals said he never has been paid
for work done for Maxie Westbrook, and asserted that the Trust owes him back
pay.  Ryals testified that he obtained written resignations from Maxie
Westbrook and Guinn and presented them to the county court.  








After the temporary injunction hearing, the district
court granted appellees= request for temporary injunction and set
the case for trial.  This interlocutory appeal followed.[2]

Standard of Review

A temporary injunction preserves the status quo until
trial on the merits.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204
(Tex. 2002).  To obtain a temporary injunction, the applicant must plead a
cause of action against the defendant and show both a probable right to recover
on that cause of action and a probable, imminent, and irreparable injury in the
interim.  Id.  To show a probable right of recovery, the applicant must
present evidence to sustain the pleaded cause of action.  IAC, Ltd. v. Bell
Helicopter Textron, Inc., 160 S.W.3d 191, 197 (Tex. App.CFort Worth 2005,
no pet.).  An injury is irreparable when the injured party cannot be adequately
compensated in damages or if damages cannot be measured by any certain
pecuniary standard.  Butnaru, 84 S.W.3d at 204.

The decision to grant or deny a temporary injunction
lies within the sound discretion of the trial court.  Walling v. Metcalfe,
863 S.W.2d 56, 58 (Tex. 1993).  A trial court does not abuse its discretion by
granting a temporary injunction if some evidence supports its decision.  Sharma
v. Vinmar Int=l, Ltd., 231 S.W.3d 405,
419 (Tex. App.CHouston [14th Dist.] 2007, no pet.).  In reviewing the
trial court=s exercise of discretion, the appellate court must
draw all legitimate inferences from the evidence in the light most favorable to
the trial court=s order granting the temporary injunction.
 Id.  

Analysis








Ryals does not challenge appellees= probable right to
recovery, nor does he challenge their assertion that they will suffer
irreparable injury absent a temporary injunction.  Ryals argues that (1) the
district court=s temporary injunction is beyond the district court=s jurisdiction
because it interferes with enforcement of the prior County Court at Law
judgment; (2) the temporary injunction is barred by res judicata, collateral
estoppel, and the doctrine of unclean hands; and (3) appellees failed to
exhaust all legal remedies by failing to pursue an appeal from the county court
judgment.

I.        Collateral Attack

In his first issue, Ryals argues that the district
court violated section 65.023 of the Texas Civil Practice and Remedies Code
because the county court retains jurisdiction over this dispute.  In his second
issue, Ryals argues that the relief sought by appellees in the district court
is barred by res judicata, collateral estoppel, issue preclusion, and estoppel
by judgment because appellees have an identity of interest with Maxie
Westbrook.  In his fourth issue, Ryals argues that because Maxie Westbrook
failed to pursue his appeal of the county court judgment, he may not seek
equitable relief in the district court.  Each issue is predicated on Ryals=s underlying
assertion that the district court suit is merely a collateral attack on the
county court judgment.

A direct attack on a judgment seeks to amend, correct,
reform, vacate, or enjoin the execution of the judgment in a proceeding
instituted for that purpose, such as a motion for a rehearing or an appeal.  Crawford
v. McDonald, 88 Tex. 626, 630, 33 S.W. 325, 327 (1895).  A collateral
attack, in contrast, seeks to avoid the effect of a judgment in a proceeding
brought for some other purpose.  Browning v. Prostock, 165 S.W.3d 336,
346 (Tex. 2005).  








We conclude the district court suit is not a
collateral attack because it does not seek to avoid the effect of the county
court judgment.  The county court judgment determined that the Trust owned the
property, and that Maxie Westbrook, Guinn, and their tenants or agents owed
$48,000 in unpaid rent.  The district court suit focuses on a different
dispute; appellees assert that Ryals improperly removed Maxie Westbrook and
Guinn as trustees of the Trust and thereby breached the Trust agreement, which
requires a minimum of two managing trustees.  Appellees requested a temporary
injunction to prevent Ryals from selling or otherwise conveying the 11747
Eastex Freeway property until the court could determine whether he is entitled
to act as trustee.  The district court suit does not explicitly or implicitly
challenge the county court=s finding that the Trust owns the
property; it challenges only whether Ryals has authority to act on behalf of
the Trust.  The temporary injunction enjoining sale or conveyance of the property
merely maintains the status quo until the district court can determine whether
Ryals breached the trust agreement by removing Maxie Westbrook and Guinn as
trustees.

Ryals claims that by granting the temporary injunction, the district
court interfered with the enforcement of the county court judgment.  Ryals points to section 65.023 of the
Texas Civil Practice and Remedies Code, which provides that a writ of
injunction granted to stay proceedings in a suit or execution on a judgment
must be tried in the court in which the suit is pending or the judgment was
rendered.  Tex. Civ. Prac. &
Rem. Code Ann. ' 65.023(b) (Vernon 2008).  The district
court, however, specifically addressed this issue at the conclusion of the hearing:
A[W]hat I want to
do is enjoin Mr. Ryals from selling or otherwise conveying the real property. 
And I don=t want it to restrict Mr. Bowman in any way from
collecting on the judgment in County Court at Law No. 1.@  The district court did not violate
section 65.023(b) because the temporary injunction did not stay execution of
the county court judgment.  








Similarly, the relief sought by appellees in the
district court is not barred by res judicata, issue preclusion, or collateral
estoppel.  Res judicata precludes relitigation of claims that have been finally
adjudicated, or that arise out of the same subject matter and could have been
litigated in a prior action.  Amstadt v. U.S. Brass Corp., 919 S.W.2d
644, 654 (Tex. 1996).  It requires proof of the following elements: (1) a prior
final judgment on the merits by a court of competent jurisdiction; (2) identity
of parties or those in privity with them; and (3) a second action based on the
same claims as were raised or could have been raised in the first action.  Espeche
v. Ritzell, 123 S.W.3d 657, 665 (Tex. App.CHouston [14th
Dist.] 2003, pet. denied).  Issue preclusion, also known as collateral
estoppel, precludes relitigation of particular issues already resolved in a
prior action.  It requires that (1) the facts sought to be litigated in the
second action were fully and fairly litigated in the first; (2) those facts
were essential to the judgment in the first action; and (3) the party against
whom the doctrine is asserted was a party, or in privity to a party, in the
first action.  Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801B02 (Tex. 1994).

Ryals argues that the district court suit is barred by
res judicata and collateral estoppel because the issue of his authority as
trustee was fully and fairly litigated in the county court.  Although appellees
were not parties to the county court suit, Ryals argues that they acted in
privity with Maxie Westbrook and Guinn and thus are barred from raising the
issue of Ryals=s authority in the district court suit.  Ryals also
argues that by bringing the county court suit in his capacity as managing
trustee of the Trust and presenting documentation to support his claim as
trustee, the scope of his authority was decided by the county court.  

The record reflects that the county court made no
determination as to Ryals=s authority to administer the Trust. 
Further, a county court has no jurisdiction to construe a trust agreement.  See
Tex. Prop. Code Ann. ' 115.001(a)(1) (Vernon Supp. 2008) (A
district court has original and exclusive jurisdiction over all proceedings by
or against a trustee and all proceedings concerning trusts, including
proceedings to construe a trust instrument.).  Therefore, Ryals=s res judicata and
collateral estoppel arguments fail because the issue of whether Ryals has
authority to manage the Trust was not fully and fairly litigated in the
previous suit, nor could it have been raised in the county court.

Finally, because the property ownership issue was the
subject of the county court suit, appellees= failure to pursue
their appeal of that judgment does not preclude relief by temporary injunction
in the district court.  The district court action is focused on breach of the
Trust agreement rather than property ownership. 

Because the district court suit and the accompanying
temporary injunction do not constitute a collateral attack on the county court
judgment, we overrule Ryals=s first, second, and fourth issues.  The
district court was not without jurisdiction to grant the temporary injunction. 


 

 

 








II.       Unclean Hands

In his third issue, Ryals argues that Ogden is not
entitled to equitable relief under the Aunclean hands@ doctrine because
she admitted to using rental income from the property to pay attorney=s fees.  

This doctrine requires a person who comes into a court
of equity to enter with clean hands.  Grohn v. Marquardt, 657 S.W.2d
851, 855 (Tex. App.CSan Antonio 1983, writ ref=d n.r.e.).  The
equitable maxim is confined to misconduct in regard to, or at all events
connected with, the matter in litigation, so that it has in some measure
affected the equitable relations subsisting between the two parties, and
arising out of the transaction.  Lazy M Ranch, Ltd. v. TXI Operations, LP,
978 S.W.2d 678, 683 (Tex. App.CAustin 1998, pet. denied).  It does not
extend to any misconduct, however gross, unconnected with the matter in
litigation, and with which the opposite party has no concern.  See Axelson
v. McIlhany, 798 S.W.2d 550, 556 (Tex. 1990).  The unclean hands doctrine
should not be applied when the defendant has not been seriously harmed and the
wrong complained of can be corrected.  Paciwest, Inc. v. Warner Alan
Properties, LLC, 266 S.W.3d 559, 571 (Tex. App.CFort Worth 2008,
pet. denied).  It is within the trial court=s discretion to
determine whether a party has unclean hands and whether the party=s alleged
fraudulent actions should bar equitable relief.  Grohn, 657 S.W.2d at 855.








Because the district court made no findings of fact or
conclusions of law addressing whether Ogden had unclean hands, the issue before
us is whether Ryals=s assertion that the temporary injunction
should have been denied because Ogden had unclean hands is supported by the
record.  See Davis v. Huey, 571 S.W.2d 859, 861B62 (Tex. 1978). 
The county court judgment recited that Ryals as the managing trustee of the
Trust was entitled to recover past due rent from Maxie Westbrook, Guinn, and
any of their tenants including Ogden.  The county court appointed a receiver to
facilitate the turnover of rental income to Ryals.  At the district court
hearing on the temporary injunction, Ogden admitted that she had used a portion
of the rental income from the property to pay her attorney=s fees.  Ryals
argues that because Ogden has failed to follow the county court=s turnover order,
she is not entitled to equitable relief in the district court.  

         Even if this court were to conclude that Ogden=s conduct in diverting
the Trust=s rent payments from the receiver and failing to
comply with the county court=s turnover order were sufficient to invoke
application of the unclean hands doctrine, that conclusion would not provide
any basis to reverse the trial court because Ogden was only one of three
plaintiffs granted relief.  A finding that Ogden had unclean hands would not
bar injunctive relief for the other two plaintiffs C Steven Gayle and
Wayne Westbrook, neither of whom were alleged to have come to court with
unclean hands.  Therefore, even if this court were to find merit in Ryals=s Aunclean hands@ argument as to
Ogden, Ryals still could not prevail on appeal because he has not even
attempted to demonstrate that the injunctive relief is not sustainable as to
the other two plaintiffs.  Under these circumstances, we cannot conclude that
the trial court abused its discretion in granting the temporary injunction.  We
overrule Ryals=s third issue.

The judgment of the trial court is affirmed.

 

 

 

 

/s/      William
J. Boyce

Justice

 

 

Panel consists of Justices Anderson, Frost, and Boyce.

 









[1]  At the district court temporary injunction hearing,
the parties referred to a Aturnover order@ and referred to Bowman as the Aturnover receiver.@ 
Only the county court=s final judgment is in the appellate record;
therefore, we conclude the parties are referring to the above quoted portion of
the judgment in which the county court ordered the defendants to pay rental
income to Ryals.





[2]  A party may appeal from an interlocutory order of a
district court that grants or refuses a temporary injunction.  See Tex. Civ. Prac. & Rem. Code Ann. '
51.014(a)(4) (Vernon 2008).