

## NUMBER 13-07-00526-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MIGUEL REGALADO,**                                           **Appellant,**

**v.**

**NOEMI B. GUERRA,**
**A/K/A NOEHMI B. GUERRA,**
**A/K/A NOEHMI B. REGALADO,**                        **Appellee.**

---

### On appeal from the 107th District Court of
### Cameron County, Texas.

---

## MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Yañez and Benavides**
**Memorandum Opinion on Rehearing by Justice Yañez**

After considering the motion for rehearing filed by appellant, Miguel Regalado, we deny the motion; however, we withdraw our opinion and judgment of April 22, 2010, and substitute the following.

The trial court awarded real property owned by Regalado, to appellee, Noemi B.

Guerra a/k/a Noehmi B. Guerra a/k/a Noehmi B. Regalado, in satisfaction of a debt.[1]  By two issues, Regalado appeals.[2]  We affirm.

## I. BACKGROUND

On April 12, 2006, Guerra, a judgment creditor, filed an application for turnover relief, requesting turnover of real property owned by Regalado in satisfaction of a default judgment entered in favor of Guerra on September 2, 1997.[3]  Regalado filed a general denial in May 2006, and then filed his first amended bill of review on July 10, 2006, alleging, among other things, that he had not been properly served with citation of process before entry of the 1997 default judgment.  In response to Regalado's bill of review, Guerra filed a motion for summary judgment, which the trial court granted on March 7, 2007.[4]

The trial court granted Guerra's application for turnover relief on May 31, 2006 ordering Regalado to turn over to Guerra's trial counsel "all records and documents" regarding his real property.  The trial court then signed a judgment on June 21, 2007 (1) finding that Regalado owed Guerra $28,041.83, which included the original amount awarded in the 1997 default judgment plus interest and attorney fees; (2) granting Guerra's "request for levy in satisfaction of the $28,041.83"; and (3) ordering Regalado's "real property awarded to [Guerra] in satisfaction of the debt owed to her by [Regalado]."

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002(a) (Vernon 2008) (allowing a party that has already secured a final judgment to collect the judgment through a separate proceeding).

[2] We note that although Regalado's notice of appeal is from an order signed by the trial court on June 21, 2007, in his brief, Regalado neither mentions nor complains of the June 21 judgment.  Instead, Regalado attacks the validity of a default judgment in favor of Guerra signed on September 2, 1997, which allegedly served as the basis of the June 21 judgment.

[3] Regalado did not appeal from the 1997 default judgment and has not filed a notice of appeal of that judgment.

[4] Regalado did not appeal the summary judgment.

On August 21, 2007, Regalado filed his notice of appeal; however, the notice did not "state the date of the judgment or order" from which Regalado was appealing.[5] On November 15, 2007, this Court informed Regalado that his attempted appeal of the judgment entered on June 21, 2007 appeared to be untimely. Regalado was instructed to correct the defect, and this Court abated the case and remanded it to the trial court to determine when Regalado received notice of the trial court's judgment.

The trial court held a hearing on December 13, 2007, to determine when Regalado received notice of the judgment. At the hearing, Regalado's trial counsel testified that the district clerk did not mail the June 21 judgment until July 31, 2007, and that he received it in the mail on August 3, 2007. On December 13, 2007, the trial court signed an "Order on Motion to Determine Time of Notice of Judgment" containing the following "findings of fact and conclusions of law": (1) "The judgment was signed by the [trial] court on June 21, 2007"; (2) "The District Clerk mailed notice of the judgment to counsel for both parties on July 31, 2007, forty-one (41) days after the judgment was signed [by] the [trial] court"; (3) "[A]ttorney for Regalado received notice of the judgment on August 3, 2007"; and (4) "[A]s a matter of law [Regalado's attorney] filed timely notice of appeal after having received notice of the judgment."

## II. DISCUSSION

By his first and second issues, Regalado contends that the trial court "erred" when it entered a default judgment against him in the underlying 1997 case. Specifically, Regalado alleges that in that case, "no Return of Citation exists, of record, which

---

[5] *See* TEX. R. APP. P. 25.1(d) (providing that the notice of appeal must include the date of the judgment or order the appellant is appealing).

3

affirmatively shows service of citation" and that Guerra "failed to affirmatively show strict compliance with the Texas Rules of Civil Procedure regarding issuance of citation, service[,] and return of process."

In his motion for rehearing, Regalado claims that the June 21, 2007 judgment is void because it is an attempt to enforce the 1997 default judgment—a judgment that Regalado argues is void. However, Regalado's attempt to attack the 1997 judgment by appealing from the June 21, 2007 judgment is improper.[6] In order to challenge the 1997 judgment through a direct attack, Regalado could have filed an appeal or a restricted appeal of the 1997 default judgment in this Court.[7] Regalado did neither.[8] Therefore, Regalado's remaining option to challenge the 1997 default judgment was to file a bill of review showing sufficient cause within the time allowed by law.[9] Absent extrinsic fraud,[10] a bill of review must be filed within four years of a judgment.[11] Here, Regalado's bill of review challenging

---

[6] *See In re Vlasak*, 141 S.W.3d 233, 238 n.10 (Tex. App.–San Antonio 2004, orig. proceeding) ("Direct attacks in the trial court include the granting of a motion for new trial and a bill of review. Direct attacks in the Court of Appeals include an ordinary appeal, an appeal by writ of error [now restricted appeal], and an appeal . . . from a bill of review judgment.") (quoting *Glunz v. Hernandez*, 908 S.W.2d 253, 255 n.3 (Tex. App.–San Antonio 1995, writ denied)) (internal quotations omitted) (brackets in original).

[7] *See In re Vlasak*, 141 S.W.3d at 238 n.10.

[8] Even if we were able to construe Regalado's notice of appeal as an attempt to appeal the 1997 default judgment, the appeal is untimely because Regalado did not file a notice of appeal within thirty days or within six months of the judgment as required by rule 26.1. *See* TEX. R. APP. P. 26.1(a), (c) (providing that a notice of appeal must be filed "within 30 days after the judgment is signed" and that in a restricted appeal, the party must file the notice of appeal within six months after the judgment is signed).

[9] *See* TEX. R. CIV. P. 329b(f); *In re Vlasak*, 141 S.W.3d at 238, n.10 (explaining that the avenues of direct attack on a default judgment are limited and that a party should either file a motion for new trial or bill of review in the trial court or file an appeal or restricted appeal in the court of appeals when challenging a default judgment).

[10] In his brief, Regalado does not claim that there was extrinsic fraud.

[11] *Temple v. Archambo*, 161 S.W.3d 217, 227 (Tex. App.–Corpus Christi 2005, no pet.) (providing that "[a] petition for bill of review must be filed within four years of the date of the disputed judgment" unless there is extrinsic fraud) (citing TEX. CIV. PRAC. & REM. CODE ANN. § 16.051 (Vernon 2008); *Caldwell v. Barnes*, 975

4

the 1997 judgment was filed on July 10, 2006; thus, to the extent Regalado challenges the 1997 judgment by direct attack, we hold that Regalado's direct attack is untimely.

Because Regalado did not properly challenge the 1997 judgment by a direct attack, Regalado's issues challenging the 1997 judgment due to improper service appears to represent a collateral attack on a final judgment,[12] which generally is not allowed.[13]

A collateral attack, however, is permissible if a judgment is void.[14] A judgment is void "only when it is apparent that the court rendering judgment had no jurisdiction of the parties or property, no jurisdiction of the subject matter, no jurisdiction to enter the particular judgment, or no capacity to act."[15] Although Regalado contends that he did not receive proper service, "[i]t is the thoroughly established rule in this state that a defendant who is not served with process and who does not make any appearance at the trial may not, as a matter of public policy, attack the verity of a judgment in a collateral attack."[16] Furthermore,

---

S.W.2d 535, 538 (Tex.1998)).

[12] *See Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325, 327 (1895) ("A direct attack on a judgment is an attempt to amend, correct, reform, vacate, or enjoin the execution of same, in a proceeding instituted for that purpose, such as a motion for a rehearing, an appeal, some form of writ of error, a bill of review, an injunction to restrain its execution, etc. A collateral attack on a judgment is an attempt to avoid its binding force in a proceeding not instituted for one of the purposes aforesaid . . . ."); *Harris v. Balderas*, 27 S.W.3d 71, 73 (Tex. App.–San Antonio 2000, pet. denied) ("We have defined 'collateral attack' as 'an attempt to impeach a judgment offered as evidence of some right,' and as 'an attempt to avoid [a judgment's] binding force in a proceeding not instituted for the purpose of correcting, modifying, or vacating it, but in order to obtain some specific relief against which the judgment stands as a bar.'") (internal citations and quotations omitted) (brackets in original).

[13] *See Browning v. Prostok*, 165 S.W.3d 336, 345 (Tex. 2005) ("Collateral attacks on final judgments are generally disallowed because it is the policy of the law to give finality to the judgments of the courts.").

[14] *Id.* at 346.

[15] *Id.* (citations and internal quotations omitted).

[16] *Imatani v. Marmolejo*, 606 S.W.2d 710, 713 (Tex. Civ. App.–Corpus Christi 1980, no writ).

[i]t is equally well-settled that, as against a collateral attack, a clear and definite recital in the judgment on jurisdictional matters is conclusive of the issue of jurisdiction, imports absolute verity and no evidence of any kind, not even the remainder of the record, will be considered in contradiction thereof, even though such evidence would show that jurisdiction was not, in fact, acquired.[17]

Here, in the 1997 default judgment, the trial court found that it had jurisdiction and venue over the case, "that citation as to Respondent [Regalado] has been on file with the Clerk of the Court for more than ten days preceding the hearing," and that pursuant to rule 239 of the rules of civil procedure, Guerra was entitled to default judgment.[18] Therefore, based on the trial court's finding that it had jurisdiction and that Regalado had been served with citation of process, we conclude that Regalado's attempted collateral attack on the 1997 default judgment must fail.[19] We overrule both of Regalado's issues.

### III. CONCLUSION

We affirm the trial court's judgment.

Delivered and filed the
5th day of August, 2010

LINDA REYNA YAÑEZ,
Justice

---

[17] *Id.*

[18] *See* TEX. R. CIV. P. 239.

[19] *See Jordan v. Texaco Pacific Coal & Oil Co.*, 152 S.W.2d 875, 879 (Tex. Civ. App.–Amarillo 1941, writ ref'd) ("A recitation or finding that the defendant was served, or by other means such as waiver of citation was before the court, such finding imports verity and may not be impeached by other parts of the record.").